Darwin Lendell TURNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–03–00085–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 19, 2004.

Rehearing Overruled March 18, 2004.

Lance C. Hamm, Houston, TX, for Appellant.

Kevin P. Keating, Assistant District Attorney, William J. Delmore, III, Chief Prosecutor, Appellate Division, Charles A. Rosenthal, Jr., District Attorney—Harris County, Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and BLAND.

## OPINION

TIM TAFT, Justice.

After his motion to suppress evidence was denied, appellant, Darwin Lendell Turner, pleaded guilty, without an agreed punishment recommendation, to possession of a usable quantity of less than two ounces of marihuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(1) (Vernon 2003). The trial court found appellant guilty and assessed punishment at three days' confinement and a $1,000 fine. We determine (1) whether the trial court erred by implicitly finding that Transportation Safety Administration (TSA) agents' search of appellant was reasonable under the Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution; (2) whether the trial court erred by implicitly finding that a TSA agent's initial stop of appellant was lawful under the Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution; (3) whether the trial court erred in admitting the testimony of TSA agent Timothy Henry as to the actions of an unidentified gate agent and TSA agent Victoria Jack; and (4) whether Henry's testimony as to the actions of the gate agent and Jack deprived appellant of his right to confront witnesses. We affirm.

### Facts

Appellant was attempting to board a Southwest Airlines aircraft at Houston Hobby Airport on November 13, 2002. Appellant was one of the last passengers to board the plane, and an unidentified "gate agent" randomly selected him to participate in a secondary security screening. Henry, a federal security screener, was stationed at the boarding gate at which appellant was selected for screening. Henry approached appellant and asked him to remove all metal objects from his pocket and on his person. Henry then began the security wanding process, which alerted him with an alarm to appellant's right front pocket. Henry explained to appellant that, because the alarm went off, he was going to have to pat down the area to make sure that there were no weapons or contraband on appellant's person. Appellant told Henry that he had a cigarette package in his right front pocket, and Henry asked appellant if he could remove the package. Appellant removed the package and handed it directly to Henry. Henry then handed the package to Jack, another federal security screener standing next to Henry. Jack then asked appellant what was contained in the package. When appellant did not respond, Jack opened the package, observed the bag of marihuana, and notified her supervisor. The supervisor notified the Houston Police Department (HPD). Jack gave the package to HPD Officer Loretta Pettitt, and Pettitt took appellant into custody.

### Standing to Contest Detention and Search

In his first and second points of error, appellant asserts that the initial stop and the subsequent search of him conducted when he attempted to board the aircraft violated the Fourth Amendment of the United States Constitution and Article 1, Section 9 of the Texas Constitution. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. The State contends that appellant has no standing to object to the airport security screening because appellant did not have a reasonable expectation of privacy. We note that airport security screening encompasses both a stop and a search, neither of which is sought to be justified by probable cause or articulable suspicion. What appellant is clearly challenging is random, suspicionless stops and searches

of airline passengers at airports prior to boarding.

■■■■ The State is permitted to assert a defendant's lack of standing to contest a search for the first time on appeal. *See State v. Klima*, 934 S.W.2d 109, 111 (Tex. Crim.App.1996); *State v. Allen*, 53 S.W.3d 731, 734 (Tex.App.-Houston [1st Dist.] 2001, no pet.). Standing is a question of law, which we review de novo. *State v. Johnson*, 896 S.W.2d 277, 285 (Tex.App.-Houston [1st Dist.] 1995), *aff'd*, 939 S.W.2d 586 (Tex.Crim.App.1996). An accused has standing to contest a search, under the Texas and United States Constitutions, only if he had a legitimate expectation of privacy in the place that government officials or agents invaded. *See Granados v. State*, 85 S.W.3d 217, 222–23 (Tex.Crim. App.2002); *Wilson v. State*, 98 S.W.3d 265, 268 (Tex.App.-Houston [1st Dist.] 2002, pet ref'd). To have standing, a defendant must show (1) that by his conduct, he exhibited an actual, subjective expectation of privacy, *i.e.*, a genuine intention to preserve something as private, and (2) that society is prepared to recognize his subjective expectation as objectively reasonable. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996). Therefore, even if a defendant demonstrates a subjective expectation of privacy, his expectation must be one that society will recognize as reasonable. *See id.*

Screeners randomly selected appellant for a secondary security screening as he attempted to board an aircraft. Although appellant, by concealing the marihuana in a cigarette package in his pocket, took some measures to indicate that he had a subjective expectation of privacy, he has not shown that that expectation is one that society will recognize as objectively reasonable.

In determining whether society will recognize an accused's subjective expectation of privacy as reasonable, it is helpful to look at relevant legislation. *See Chapa v. State*, 729 S.W.2d 723, 728 (Tex.Crim.App. 1987) (asserting that, in case involving search of taxi-cab passenger compartment, municipal code provisions pertaining to taxi-cab passenger rights provide clear indicium of society's preparedness to accept passenger's subjective expectation of privacy in passenger compartment). Congress passed legislation in the wake of the September 11, 2001 commercial aircraft attacks, creating the Transportation Security Administration to oversee security at airports throughout the United States. *See* 49 U.S.C.A. § 114(a) (West Supp. 2004). The portion of that statute pertaining to passenger screening states:

> The Under Secretary of Transportation for Security shall provide for the screening of all passengers and property, including ... carry-on and checked baggage, and other articles, that will be carried aboard a passenger aircraft operated by an air carrier or foreign air carrier in air transportation or intrastate air transportation.

*Id.* § 44901(a) (West Supp.2004). This statute provides some indication that society recognizes that *all* passengers boarding aircraft in the United States are subject to a search of themselves and *all* property that they attempt to bring aboard the aircraft, regardless of the location of the airport or the destination of the flight. Consequently, any subjective expectation that appellant has that, in boarding a flight, he will not be stopped at the gate or searched, is not one that society recognizes as objectively reasonable. *Cf. United States v. Pulido–Baquerizo*, 800 F.2d 899, 902 (9th Cir.1986) (stating that "a visual inspection and limited hand search of luggage which is used for the purpose of detecting weapons or explosives, and not in order to uncover other types of contraband, is a privacy intrusion we believe free society is willing to tolerate"). Moreover,

long before September 11, 2001, one who attempted to board a commercial aircraft at a public airport knew or should have known that he was subject to being searched. *See United States v. Clay,* 638 F.2d 889, 892 (5th Cir.1981); *United States v. Wehrli,* 637 F.2d 408, 409 (5th Cir.1981); *United States v. Skipwith,* 482 F.2d 1272, 1273 (5th Cir.1973).

Appellant contends that the suspicionless search was unreasonable in violation of the Fourth Amendment of the United States Constitution. *See Brown v. Texas,* 443 U.S. 47, 50–51, 99 S.Ct. 2637, 2640, 61 L.Ed.2d 357 (1979) (setting out balancing test to determine reasonableness of search under Fourth Amendment); *State v. Sanchez,* 856 S.W.2d 166, 170 (Tex.Crim.App. 1993) (holding that evidence of standardized procedures in operating roadblock and evidence of effectiveness of roadblock were necessary to show reasonableness). Because we have determined that appellant does not have standing to challenge the secondary screening at the boarding gate, including the wanding process and the search of the cigarette package that set off the alarm, we do not reach the issue of the reasonableness of the procedure under the Fourth Amendment. We also do not reach another issue raised by the State: whether appellant gave implied consent to his stop and search.

Accordingly, we hold that appellant, while attempting to board a commercial aircraft at a public airport, did not have an objectively reasonable expectation not to be stopped or searched that society will recognize so as to have standing to complain of the unlawfulness of his random detention and subsequent search.

We overrule appellant's first and second points of error.

### Hearsay

■ In his third and fourth points of error, appellant contends that the trial court erred by allowing the testimony of Henry as to the statements of an unidentified gate agent and Jack because Henry's testimony constituted inadmissible hearsay and because Henry's testimony deprived appellant of his right to confront witnesses.

■ However, the rules of evidence "except with respect to privileges, do not apply in the following situations: (A) the determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under Rule 104." TEX.R. EVID. 101(d)(1). Rule 104 states that "preliminary questions concerning ... the admissibility of evidence shall be determined by the court.... In making its determination the court is not bound by the rules of evidence except those with respect to privileges." TEX.R. EVID. 104(a). Because suppression hearings involve the determination of preliminary questions concerning the admissibility of evidence, the rules of evidence, with the exception of privileges, do not apply to suppression hearings. *See Granados,* 85 S.W.3d at 227 (acknowledging that former Texas Rule of Criminal Evidence 1101(d)(4) stated that rules of evidence applied to suppression hearings, but that that rule was not incorporated in the current rules of evidence, so that rules of evidence 101(d)(1)(A) and 104(a) controlled). The trial court did not err in admitting Henry's statements because the rules of evidence did not apply to appellant's hearing. *See id.*

We overrule appellant's third and fourth points of error.

### Conclusion

We affirm the judgment of the trial court.