Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



ELIAS CABALLERO, JR.,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00141-CR

Appeal from the

County Criminal Court at Law No. 2

of El Paso County, Texas

(TC# 20010C17005)




MEMORANDUM OPINION

           This is an appeal from a jury conviction for the offense of driving while intoxicated. 
The court assessed punishment at eighteen months community supervision and a probated
fine of $750. We affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           On December 4, 2001, Appellant filed a motion to suppress the intoxilyzer results that
were obtained as a result of Appellant’s detention and arrest. Both Appellant and the State
filed briefs in support of their positions and the court entered a written order denying
Appellant’s motion to suppress the intoxilyzer results.
           Notwithstanding the entry of that order, on November 15, 2002, the court conducted
a suppression hearing and the court entered another order denying Appellant’s motion to
suppress the intoxilyzer results. On December 19, 2002, the court entered its written findings
of fact and conclusions of law.
           At the hearing of November 15, 2002, the State stipulated that Appellant was arrested
without a warrant and that Appellant had standing to contest the validity of the stop and
arrest. The State offered into evidence police reports detailing the circumstances of
Appellant’s stop and arrest for the offense of driving while intoxicated.


 Appellant objected
to the introduction of the police reports on the ground that the reports were hearsay. The
court referenced the Granados case and overruled the objection on the ground that the rules
of evidence did not apply in suppression hearings.


 As well as Appellant’s hearsay objection,
he objected to the admittance of the police reports on the grounds that: (1) it violated his
Sixth-Amendment right of confrontation; (2) it removed the trial court’s ability to judge the
credibility of witnesses who prepared the police reports; (3) the records had not been properly
authenticated under Rule of Evidence 902; (4) the Granados ruling improperly shifted the
burden of showing the reasonableness of the stop to the accused; and (5) the Granados ruling
applies only to live testimony. The court overruled all of Appellant’s objections and denied
the motion to suppress the intoxilizer results.
II. DISCUSSION
           In Appellant’s sole issue, he asserts that the court abused its discretion by denying his
motion to suppress the evidence because the State relied on unsworn police narratives in
violation of Texas Code of Criminal Procedure article 28.01, section 1(6) and Texas Rule of
Evidence 902(10).



           Regarding the standard of review, when reviewing a trial court’s ruling on a motion
to suppress based upon an alleged lack of probable cause or reasonable suspicion, the
reviewing court affords almost total deference to the trial court’s express or implied
determination of historical facts. It reviews de novo the court’s application of the law
pertaining to search and seizure to those facts. Krug v. State, 86 S.W.3d 764, 765 (Tex.
App.--El Paso 2002, pet. ref’d).
           Initially, we must address the State’s contention that Appellant has failed to preserve
the contention regarding article 28.01, section 1(6). In the Granados case, the Court of
Criminal Appeals held that former Texas Rule of Criminal Evidence 1101(d)(4) which had
expressly provided that the rules of evidence applied to motions to suppress illegally obtained
evidence, had been abolished. Granados, 85 S.W.3d at 227. The court reasoned that as that
rule no longer existed, under the provisions of Rules of Evidence 101(d)(1)(A) and 104(a),
save for the rules governing privileges, the rules of evidence no longer applied to suppression
hearings.


 Granados, 85 S.W.3d at 227. On appeal, Appellant contends that the State must
provide affidavits that are in compliance with article 28.01, section 1(6) and it failed to do
so as the police statements were unsworn. This contention was not raised below;
accordingly, Appellant has waived this contention on appeal. Martinez v. State, 17 S.W.3d
677, 683 (Tex. Crim. App. 2000).
           Appellant maintains that the court erred in admitting the police reports because the
State failed to comply with the authentication, notarization and notice requirements of Tex.
R. Evid. 902(10). However, this is clearly a rule of evidence and in making its determination
regarding preliminary questions of admissibility of evidence, as in a motion to suppress
evidence, the trial court is not bound by any rules of evidence except those with regard to
privileges. Granados, 85 S.W.3d at 227; Turner v. State, 132 S.W.3d 504, 508 (Tex. App.--Houston [1st Dist.] 2004, pet. ref’d); Tex. R. Evid. 104(a).
           Appellant also urges that the Court of Criminal Appeals in Sells v. State, 121 S.W.3d
748, 764 (Tex. Crim. App. 2003) “carved out” an exception to the Granados holding and that
this Court should do the same by holding that article 28.01, section 1(6) applies to motions
to suppress hearings. Specifically, Appellant asserts that under article 28.01, section 1(6),
the court could not have relied solely upon the unsworn police reports. In Sells, the State did
not provide a copy of Sell’s video recording containing his oral statements to the police
twenty days prior to the pretrial suppression hearing in contravention of Texas Code of
Criminal Procedure article 38.22, section 3(a)(5). The Court held that while the rules of
evidence, in general, do not apply to suppression hearings, the twenty-day notice provision
in article 38.22, section 3(a)(5) of the Code of Criminal Procedure, which is not a rule of
evidence, does apply because the provision was enacted when the rules of evidence did apply
to such hearings. Sells, 121 S.W.3d at 760-64; Tex. Code Crim. Proc. Ann. art. 38.22, §
3(a)(5) (Vernon Supp. 2004-05).
           Assuming that this contention has been preserved on appeal, article 28.01, section 1(6)
clearly gives the trial court the discretion to determine the format of a pretrial suppression
hearing regarding the nature of the evidence to be heard. See State v. Miller, 116 S.W.3d
912, 915 (Tex. App.--Austin 2003, no pet.). Appellant does not provide authority that the
affidavits referenced in the statute must be sworn, and the Sells case does not address the
question of whether a court must only determine the merits of a motion to suppress based
upon the motion itself, upon opposing affidavits, or upon oral testimony under article 28.01,
section 1(6). Given these factors, we are disinclined to create another exception to the
holding in Granados. Issue No. One is overruled.
           Having overruled Appellant’s sole issue on review, we affirm the judgment of the trial
court.
 
                                                                  RICHARD BARAJAS, Chief Justice
March 10, 2005

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)