Reversed and Remanded and Opinion filed August 16, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00773-CR

NO. 14-10-00774-CR

___________________

 

State of Texas, Appellant

 

V.

 

SIMON PROPERTY GROUP, INC.,
Appellee



 



 

On
Appeal from the 228th District Court

Harris County,
Texas



Trial Court Cause Nos. 1238835 & 1238836

 



 

 

OPINION

            The State of Texas brings this appeal from the trial
court’s order granting appellee Simon Property Group Inc.’s motion to
suppress.  The State charged appellee with two counts of unauthorized discharge
of industrial waste.  Appellee filed a motion to suppress in both cases.  The
trial court granted the motions to suppress, prompting this appeal by the
State.     

This case involves a
search and seizure of wastewater samples in the yellow and blue parking garages
of the Westin Galleria hotel and the Houston Galleria shopping mall.  On
November 1, 2006, Sheree Moore (formerly Sheree Penick), who ran a pressure-washing
business, called Sergeant Walsh, a Houston Police Department investigator
assigned to investigate environmental crimes, and informed him wastewater was
being illegally dumped from a pressure-washing operation being conducted in the
yellow garage.  Sergeant Walsh arrived, and with Moore, proceeded from the
parking garage to the loading dock area.  Inside the loading dock area,
Sergeant Walsh took photographs of the pressure-washing residue and took four
wastewater samples.  On November 3, 2006, Moore again called Sergeant Walsh and
informed him wastewater was being illegally dumped from a pressure-washing
operation being conducted in the blue garage.  Sergeant Walsh took photographs
of the pressure-washing residue and took two environmental samples.

Subsequently, four parties, Mark Steven Bell, Simon
Property Group, Inc., Millard Mall Services, Inc., and Robert Gerardo Sepeda,
were charged with unauthorized discharge of industrial waste.  Mark Bell is an
employee of Simon Management Associates, the management company for the
Galleria.  Simon Property Group’s relationship to the Galleria was not
identified, either by the trial court in its findings or by Simon Property
Group in its brief.  Millard Mall Services is a janitorial and cleaning
contractor for the Galleria Premises.  Robert Sepeda is a Senior Project
Manager for Millard Mall Services.

Mark Bell and Simon Property Group filed a motion to
suppress and a hearing was held.  The trial court granted the motions to
suppress and entered findings of fact and conclusions of law.  Counsel for
Millard Mall Services and Robert Sepeda was present at the hearing on the
motions to suppress but did not participate.  Millard Mall Services and Robert
Sepeda then filed motions to suppress that relied upon those filed by Mark Bell
and Simon Property Group, and asked the trial court to make the same findings
on their motions to suppress.  No hearing was held on the motions to suppress
filed by Millard Mall Services and Robert Sepeda.  The trial court granted the
motions to suppress and entered findings of fact and conclusions of law in
which the findings made regarding Mark Bell and Simon Property Group were
adopted.  

The trial court’s findings and conclusions reflect
the motions to suppress were granted for the following reasons.  The searches
were made without a warrant and no exception to the warrant requirement under
Texas law applied.  Sheree Moore, acting as an agent of the State, and Sergeant
Walsh committed the offense of criminal trespass.  See Tex. Pen. Code §
30.05 (West 2011).  Accordingly, the seized evidence was inadmissible under the
exclusionary rule.  See Tex. Code Crim. Proc. art. 38.23 (West 2005). 
The search was unreasonable under the United States Constitution.  See
U.S. Const. amend. IV.  There was no valid consent to search.  Finally, the
State waived its argument under section 26.014 of the Texas Water Code but,
even if it were not waived, the State did not establish the applicability of
section 26.014 to justify the warrantless searches.  See Tex. Water Code
§ 26.014 (West 2008).  The State has appealed the trial court’s decision as to
all four defendants. 

The State’s first issue
is whether appellee has standing to
challenge the search and seizure.  The State asserts appellee did not have a legitimate
expectation of privacy in the Galleria hotel parking garage.  Appellee claims
the State is estopped from claiming it lacks standing to challenge the search
and seizure because the State failed to raise the issue in the trial court.  

A defendant bringing a
motion to suppress bears the burden of establishing that he had a reasonable
expectation of privacy from law enforcement intrusion. See State v. Mercado,
972 S.W.2d 75, 78 (Tex. Crim. App.1998) (per curiam); see also Wilson,
692 S.W.2d at 663–64; Trinh v. State, 974 S.W.2d 872, 874 (Tex. App. – Houston
[14th Dist.] 1998, no pet.); and Kelley v. State, 807 S.W.2d 810, 815
(Tex. App. – Houston [14th Dist.] 1991, pet. ref'd).  Accordingly, the State
may raise the issue of standing for the first time on appeal in a court of
appeals.  See State v. Klima, 934 S.W.2d 109, 111 (Tex. Crim. App.
1996).  See also State v. Consaul, 982 S.W.2d 889, 903 (Tex. Crim. App.
1998), and State v. Mercado, 972 S.W.2d 75, 78 (Tex. Crim. App. 1978).  

Appellee is correct that
in Kothe v. State, 152 S.W.3d 54, 60 (Tex. Crim. App. 2004), the court
acknowledged that a court of appeals may conclude the State has forfeited its
argument by failing to raise it in the trial court.  However, Kothe also
recognized a court of appeals may raise the issue of standing on its own or may
analyze that issue as part of the claim presented.  Id.  In Kothe,
as in this case, the State appealed the trial court’s ruling granting the
defendant’s motion to suppress and on direct appeal raised standing for the
first time.  Id. at 58, 60.  The court reiterated that because standing
is an element of a claim of unlawful search and seizure, “the State may raise
the issue of standing for the first time on appeal, even when the defendant is
the prevailing party in the trial court.”  Id. citing Klima, 934
S.W.2d at 110-11.  

Appellee also argues
that the State has forfeited any challenge to standing because the State has
alleged appellee is responsible for the unauthorized discharge.  Being charged
with the crime does not mean appellee may automatically challenge the legality
of the search.  See Franklin v. State, 913 S.W.2d 234, 240 (Tex. App. –
Beaumont 1995, pet. ref’d).  See also Hollis v. State, 219 S.W.3d 446,
457-58 (Tex. App. – Austin 2007, no pet.) (“An accused lacks standing to
challenge the admission of evidence obtained by searching an area in which he
or she does not have a legitimate expectation of privacy.”). Accordingly, we
address the State’s complaint concerning standing.

Appellee challenged the search of the two parking
garages under the United States and Texas Constitutions and article 38.23 of
the Texas Code of Criminal Procedure.  See U.S. Const. amend. IV; Tex.
Const. art. I, § 9; and Tex. Code Crim. Proc. art. 38.23 (West 2005).  “To
assert a challenge to a search and seizure under the United States and Texas
Constitutions and article 38.23, a party must first establish standing.  See
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.1996).”  Pham
v. State, 324 S.W.3d 869, 874 (Tex. App. – Houston [14th Dist.] 2010, pet.
ref’d).  Standing is a question of law which we review de novo. Kothe,
152 S.W.3d at 59; Turner v. State, 132 S.W.3d 504, 507 (Tex.App. – Houston [1st Dist.] 2004, pet. ref'd).

To determine if appellee had a legitimate expectation
of privacy, we first determine whether appellee demonstrated an actual subjective
expectation of privacy.  Pham, 324 S.W.3d at 874-75.  If so, we then
decide whether appellee’s subjective expectation of privacy was one that
society is prepared to regard as objectively reasonable.  Id.

There is no evidence in the record that appellee had
a subjective expectation of privacy in the parking garage.  The trial court
found appellee “did not manage or own the Galleria Premises at the time of the
alleged Discharges” and the record does not reveal what relationship appellee
has to the Galleria or the parking garage.  Appellee relies upon statements by
Sheree Moore and Sergeant Walsh that it managed the Galleria but the trial
court expressly found otherwise and nothing in the record contradicts that
finding.  Appellee points to the “signs, gates, and other notices” as evidence
of an expectation of privacy.  However, the record establishes appellee was not
responsible for display of those signs and notices.  Robert DeLaGarza, an
employee of Standard Parking, testified he put the signs up, as noted in the
trial court’s findings of fact.  The record does not demonstrate that appellee
took any action that exhibited an expectation of privacy.

The right against an unreasonable search and seizure
is a personal right which may not be vicariously asserted.  Pham, 324
S.W.3d at 874.  

“A person who is aggrieved by an illegal search and seizure
only through the introduction of damaging evidence secured by a search of a
third person's premises or property has not had any of his Fourth Amendment
rights infringed.”  Rakas, 439 U.S. at 134, 99 S.Ct. 421.  “And since
the exclusionary rule is an attempt to effectuate the guarantees of the Fourth
Amendment, it is proper to permit only defendants whose Fourth Amendment rights
have been violated to benefit from the rule’s protections.”  Id.
(citations omitted).

Id.  The record
reflects the evidence suppressed by the trial court was secured by a search of
a third person’s premises or property.  

Under the record presented, we conclude that appellee
failed to establish any state or federal constitution privacy interest. 
Therefore, appellee did not meet its burden of establishing all the elements
necessary to object to the search and seizure of the evidence under the United States and Texas
Constitutions.  See Pham,
324 S.W.3d at 874.  Furthermore, article 38.23(a) does not confer third-party
standing to persons accused of crimes, such that they may complain about the
receipt of evidence that was obtained by violation of the rights of others, no
matter how remote an interest from themselves. See Miles v. State, 241 S.W.3d 28, 47 (Tex. Crim.
App. 2007). Accordingly, we conclude the trial court erred in granting appellee’s
motions to suppress and sustain the State’s first issue. 


We reverse the trial
court’s order granting appellee’s motions to suppress and remand for further
proceedings consistent with this opinion.

                                                                                    PER
CURIAM

 

 

 

 

Panel consists of Justices
Anderson, Brown, and Christopher.

Publish
— Tex. R. App. P. 47.2(b).