Reversed and Remanded and Opinion filed August 16, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-01108-CR

___________________

 

THE State of Texas, Appellant

 

V.

 

ROBERT GERARDO SEPEDA, Appellee



 



 

On
Appeal from the 228th District Court

Harris County,
Texas



Trial Court Cause No. 1238832

 



 

 

OPINION

            The State of Texas brings this appeal from the trial
court’s order granting appellee Robert Gerardo Sepeda’s motion to suppress. 
The State charged appellee with one count of unauthorized discharge of
industrial waste.  Appellee filed a motion to suppress.  The trial court
granted the motion to suppress, prompting this appeal by the State.           

This case involves a
search and seizure of wastewater samples in the yellow and blue parking garages
of the Westin Galleria hotel and the Houston Galleria shopping mall.  On
November 1, 2006, Sheree Moore (formerly Sheree Penick), who ran a pressure-washing
business, called Sergeant Walsh, a Houston Police Department investigator
assigned to investigate environmental crimes, and informed him wastewater was
being illegally dumped from a pressure-washing operation being conducted in the
yellow garage.  Sergeant Walsh arrived and, with Moore, proceeded from the
parking garage to the loading dock area.  Inside the loading dock area,
Sergeant Walsh took photographs of the pressure-washing residue and took four
wastewater samples.  On November 3, 2006, Moore again called Sergeant Walsh and
informed him wastewater was being illegally dumped from a pressure-washing
operation being conducted in the blue garage.  Sergeant Walsh took photographs
of the pressure-washing residue and took two environmental samples.

Subsequently, four parties, Mark Steven Bell, Simon
Property Group, Inc., Millard Mall Services, Inc., and Robert Gerardo Sepeda,
were charged with unauthorized discharge of industrial waste.  Mark Bell is an
employee of Simon Management Associates, the management company for the
Galleria.  Simon Property Group’s relationship to the Galleria was not
identified, either by the trial court in its findings or by Simon Property
Group in its brief.  Millard Mall Services is a janitorial and cleaning
contractor for the Galleria Premises.  Robert Sepeda is a Senior Project
Manager for Millard Mall Services.

Mark Bell and Simon Property Group filed a motion to
suppress and a hearing was held.  The trial court granted the motions to
suppress and entered findings of fact and conclusions of law.  Counsel for
Millard Mall Services and Robert Sepeda was present at the hearing on the
motions to suppress but did not participate.  Millard Mall Services and Robert
Sepeda then filed motions to suppress that relied upon those filed by Mark Bell
and Simon Property Group, and asked the trial court to make the same findings
on their motions to suppress.  No hearing was held on the motions to suppress
filed by Millard Mall Services and Robert Sepeda.  The trial court granted the
motions to suppress and entered findings of fact and conclusions of law in
which the findings made regarding Mark Bell and Simon Property Group were
adopted.  

The trial court’s
findings and conclusions reflect the motions to suppress were granted for the
following reasons.  The searches were made without a warrant and no exception
to the warrant requirement under Texas law applied.  Sheree Moore, acting as an
agent of the State, and Sergeant Walsh committed the offense of criminal
trespass.  See Tex. Pen. Code § 30.05 (West 2011).  Accordingly, the
seized evidence was inadmissible under the exclusionary rule.  See Tex.
Code Crim. Proc. art. 38.23 (West 2005).  The search was unreasonable under the
United States Constitution.  See U.S. Const. amend. IV.  There was no
valid consent to search.  Finally, the State waived its argument under section
26.014 of the Texas Water Code but, even if it were not waived, the State did
not establish the applicability of section 26.014 to justify the warrantless
searches.  See Tex. Water Code § 26.014 (West 2008).  The State has
appealed the trial court’s decision as to all four defendants. 

The State’s first issue
is whether appellee has standing to
challenge the search and seizure.  The State asserts appellee did not have a legitimate
expectation of privacy in the Galleria hotel parking garage.  Appellee claims
because the State did not raise the issue of standing in the trial court, the
issue has been waived.

A defendant bringing a
motion to suppress bears the burden of establishing that he had a reasonable
expectation of privacy from law-enforcement intrusion. See State v. Mercado,
972 S.W.2d 75, 78 (Tex. Crim. App. 1998) (per curiam); see also Wilson,
692 S.W.2d at 663–64; Trinh v. State, 974 S.W.2d 872, 874 (Tex. App. – Houston
[14th Dist.]  1998, no pet.); and Kelley v. State, 807 S.W.2d 810, 815
(Tex.App. – Houston [14th Dist.]  1991, pet. ref'd).  Accordingly, the State
may raise the issue of standing for the first time on appeal in a court of
appeals.  See State v. Klima, 934 S.W.2d 109, 111 (Tex. Crim. App.
1996).  See also State v. Consaul, 982 S.W.2d 889, 903 (Tex. Crim. App.
1998), and State v. Mercado, 972 S.W.2d 75, 78 (Tex. Crim. App. 1978). 
Appellee is correct that in Kothe v. State, 152 S.W.3d 54, 60 (Tex.
Crim. App. 2004), the court acknowledged that a court of appeals may conclude
the State has forfeited its argument by failing to raise it in the trial court. 
However, Kothe also recognized a court of appeals may raise the issue of
standing on its own or may analyze that issue as part of the claim presented.  Id.
 In Kothe, as in this case, the State appealed the trial court’s ruling
granting the defendant’s motion to suppress and on direct appeal raised
standing for the first time.  Id. at 58, 60.  The court reiterated that
because standing is an element of a claim of unlawful search and seizure, “the
State may raise the issue of standing for the first time on appeal, even when
the defendant is the prevailing party in the trial court.”  Id. citing Klima,
934 S.W.2d at 110-11.  Accordingly, we address the State’s complaint concerning
standing.

Appellee challenged the search of the two parking
garages under the United States and Texas Constitutions and article 38.23 of
the Texas Code of Criminal Procedure.  See U.S. Const. amend. IV; Tex.
Const. art. I, § 9; and Tex. Code Crim. Proc. art. 38.23 (West 2005).  “To
assert a challenge to a search and seizure under the United States and Texas
Constitutions and article 38.23, a party must first establish standing.  See
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.1996).”  Pham
v. State, 324 S.W.3d 869, 874 (Tex. App. – Houston [14th Dist.] 2010, pet.
ref’d).  Standing is a question of law which we review de novo. Kothe,
152 S.W.3d at 59; Turner v. State, 132 S.W.3d 504, 507 (Tex. App. – Houston
[1st Dist.] 2004, pet. ref'd).

To determine if appellee had a legitimate expectation
of privacy, we first determine whether appellee demonstrated an actual subjective
expectation of privacy.  Pham, 324 S.W.3d at 874-75.  If so, we then
decide whether appellee’s subjective expectation of privacy was one that society
is prepared to regard as objectively reasonable.  Id.

There is no evidence in the record that appellee had
a subjective expectation of privacy in the parking garage.  The only finding specific
to appellee is that “Defendant Robert Gerard Sepeda was employed by Defendant
Millard Mall Services, Inc. at the time of the Discharge and is currently
employed there.”  Being charged with the crime does not mean appellee may
automatically challenge the legality of the search.  See Franklin v. State,
913 S.W.2d 234, 240 (Tex. App. – Beaumont 1995, pet. ref’d).  Appellee does not
claim an expectation of privacy in his brief, nor refer to any evidence of such
an expectation in the record.  Rather, appellee asserts the trial court’s
finding that the evidence was obtained in violation of article 38.23 mandates
suppression of the evidence in spite of lack of standing.  

Appellee asserts the court in Kothe found the intervening
illegality, the illegal detention, “transcended” the defendant’s lack of
standing.  Kothe, 152 S.W.3d at 60.  The court found the issue of
whether the defendant had standing to complain about any search and seizure
conducted against his co-defendant was surpassed by defendant’s own illegal
detention.  Id.  The defendant had standing to challenge the fruits of a
search and seizure that he alleged occurred after he was illegally detained.  Id.
at 60-61.  As the court recognized, any defendant seeking to suppress evidence on
the basis of an unlawful search and seizure must first show that he personally
had a reasonable expectation of privacy that the government invaded.  Id.
at 59.  In other words, the defendant must prove he was the “victim” of the
unlawful search and seizure.  Id. A defendant has no standing to
complain about the invasion of another’s personal rights.  Id.  Only after a defendant has established
his standing to complain may a court consider whether he has suffered a
violation of his rights against an unlawful search and seizure.  Id.

It was the defendant in Kothe who was
illegally detained.  In this case, appellee had no property or possessory
interest in the property upon which the criminal trespass[1] occurred.  Appellee
does not identify what personal expectation of privacy he possessed that
was violated by the criminal trespass.  Absent such a showing, Kothe is
inapplicable to the case at bar.

Under the record
presented, we conclude that appellee failed to establish any state or federal
constitution privacy interest.  Therefore, appellee did not meet his burden of
establishing all the elements necessary to object to the search and seizure of
the evidence under the United States and Texas
Constitutions.  See Pham,
324 S.W.3d at 874.  Furthermore, article 38.23(a) does not confer third-party
standing to persons accused of crimes, such that they may complain about the
receipt of evidence that was obtained by violation of the rights of others, no
matter how remote an interest from themselves. See Miles v. State, 241 S.W.3d 28, 47 (Tex. Crim.
App. 2007). Accordingly, we conclude the trial court erred in granting appellee’s
motion to suppress and sustain the State’s first issue. 


We reverse the trial
court’s order granting appellee’s motion to suppress and remand for further
proceedings consistent with this opinion.

                                                                                    PER
CURIAM

 

 

 

 

Panel consists of Justices
Anderson, Brown, and Christopher.

Publish
— Tex. R. App. P. 47.2(b).









[1] For purposes of our
review of this issue, we assume, without deciding, the trial court did not err
in fnding Walsh and Moore committed criminal trespass.