

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0722-19

**BRADEN DANIEL PRICE, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FOURTH COURT OF APPEALS
BEXAR COUNTY**

**WALKER, J., filed a dissenting opinion.**

### <u>DISSENTING OPINION</u>

Today, this Court holds that a warrantless search of an individual's luggage is justified as a search incident to arrest even though the search occurred after the individual was handcuffed, moved to a new location, and had no access to his bag. Because the purpose of the search incident to arrest exception is officer safety and evidence preservation, and neither purpose was threatened here, I disagree with the Court's decision. Moreover, because there is no exception to the warrant requirement that can justify the search that occurred in this case, I believe this warrantless search was unreasonable and thus violated Appellant's Fourth Amendment right to be free from unreasonable

searches and seizures. Accordingly, I respectfully dissent.

For purposes of the Fourth Amendment, a search occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable.[1] In other words, a search occurs when "an expectation of privacy that society is prepared to consider reasonable is infringed."[2] "Official conduct that does not 'compromise any legitimate interest in privacy' is not a search subject to the Fourth Amendment."[3] Once it is established that it was a "search," the government generally must have a warrant because warrantless searches are per se unreasonable and therefore unconstitutional, "subject only to a few specifically established and well delineated exceptions."[4]

**Expectation of Privacy**

Individuals generally have a subjective expectation of privacy in their personal luggage.[5] Notwithstanding this expectation, it is common knowledge that, prior to getting on any flight, one's luggage, whether checked or carried on, will be subject to some type of screening or search. "Consequently, any subjective expectation that [an individual] has that, in boarding a flight, he will

---

[1] *Kyllo v. United States*, 533 U.S. 27, 33 (2011).

[2] *Maryland v. Macon*, 472 U.S. 463, 469 (1985) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)).

[3] *Illinois v. Caballes*, 543 U.S. 405, 408 (2005) (quoting *Jacobsen*, 466 U.S. at 123).

[4] *Coolidge v. New Hampshire*, 403 U.S. 443, 454–55 (1971) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)).

[5] *United States v. Place*, 462 U.S. 696, 707 (1983); *New Jersey v. T.L.O.*, 469 U.S. 325, 337 (1985) ("[S]earches of closed items of personal luggage are intrusions on protected privacy interests, for 'the Fourth Amendment provides protection to the owner of every container that conceals its contents from plain view.'") (quoting *United States v. Ross*, 456 U.S. 798, 822-23 (1982)).

not be stopped at the gate or searched, is not one that society recognizes as objectively reasonable."[6]

Accordingly, airport searches that occur prior to boarding generally do not implicate Fourth Amendment protections.

Here, however, Appellant was arrested and had his bags searched *after* he had landed, retrieved his checked luggage, and was waiting outside by the curb. Aside from Customs and Border Patrol searches, which are not relevant here, passengers are not expecting their bags to be searched once they have landed and especially not after they have exited the airport. The entire purpose of airport searches is to prevent terrorism and other threats from occurring onboard an airplane.[7] When an individual has already landed and is standing outside of the airport, there is no longer any threat he is going to hijack the plane he already arrived on or hurt any of the no-longer airborne passengers. Accordingly, once an individual has landed, collected his luggage, and is standing outside, he has a subjective expectation of privacy in his luggage that society recognizes as reasonable. As such, the search in this case qualified as a "search" under the Fourth Amendment. It therefore must fall within one of the few narrowly defined situations justifying warrantless searches in order to be constitutional. The only exceptions to the warrant requirement that could possibly be construed to

---

[6] *Turner v. State*, 132 S.W.3d 504, 507 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).

[7] *Kjolhede v. State*, 333 S.W.3d 631, 633 (Tex. App.—Dallas 2009, pet. ref'd) ("Random full searches of airline passengers' luggage help prevent acts of terrorism as well as deter future terroristic acts . . . ."); *United States v. Marquez*, 410 F.3d 612, 617 (9th Cir. 2005) ("Airport screening procedures are conducted for two primary reasons: first, to prevent passengers from carrying weapons or explosives onto the aircraft; and second, to deter passengers from even attempting to do so."); *United States v. Davis*, 482 F.2d 893, 908 (9th Cir. 1973) ("[S]creening searches of airline passengers are conducted . . . to prevent the carrying of weapons or explosives aboard aircraft, and thereby to prevent hijackings."), *overruled on other grounds by United States v. Aukai*, 497 F.3d 955, 962 (9th Cir. 2007).

apply to this situation are a search incident to arrest, exigent circumstances, or an inventory search.[8]

That being said, the search in this case was not justified under any of these exceptions for the following reasons.

**Search Incident to Arrest**

The majority concludes that the search of Appellant's luggage here was justified as a valid search incident to arrest. "A search incident to arrest permits officers to search a defendant, or areas within the defendant's immediate control, *to prevent concealment or destruction of evidence*."[9] Additionally, it is reasonable for an officer to search incident to arrest to remove any weapons that might be used to resist arrest or effect an escape.[10] In other words, a warrantless search incident to arrest is justified on "the need to disarm the suspect" and to "preserve evidence on his person."[11] Accordingly, "[p]olice may search incident to arrest only the space within an arrestee's 'immediate control,' meaning 'the area from within which he might gain possession of a weapon or destructible evidence.'"[12] Additionally, "warrantless searches of luggage or other property seized at the time of an arrest cannot be justified as a search incident to that arrest if . . . no exigency exists."[13]

---

[8] The other exceptions—automobile, plain view, and hot pursuit—definitely do not apply here because the search was not in or of a vehicle, the contraband in the luggage was not in plain view to the officers, and Appellant was not fleeing at the time of the search.

[9] *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003) (emphasis added); *Chimel v. California*, 395 U.S. 752, 763 (1969).

[10] *Chimel*, 395 U.S. 762–63.

[11] *United States v. Robinson*, 414 U.S. 218, 234 (1973).

[12] *Arizona v. Gant*, 556 U.S. 332, 335 (2009) (quoting *Chimel*, 395 U.S. at 763).

[13] *United States v. Chadwick*, 433 U.S. 1, 15 (1977).

Accordingly, the exigency requirement is a necessary element of the search incident to arrest exception to the warrant requirement and should not be confused with the exigent circumstances exception.

The facts in *Chadwick*, a case where the Supreme Court refused to hold that the search incident to arrest exception applied, are strikingly similar to this case.[14] In *Chadwick*, the police were informed that there were individuals aboard a train headed towards a certain destination who were believed to be carrying marijuana.[15] The officers awaited the appellants' arrival with a canine unit.[16] A drug dog alerted on the appellants' luggage, and the officers watched as the appellants walked outside the station with the luggage.[17] The officers then went outside, arrested all three appellants, and seized the luggage.[18] Then, with the bags in the officers' control and with the appellants in handcuffs, they all went to an office where the luggage was eventually searched and marijuana was discovered.[19] The appellants did not consent to a search and a warrant was not secured.[20] At the Supreme Court, the Government conceded that the luggage was not within the immediate control of the appellants at the time of the search but nevertheless insisted that the search was justified because the luggage "was seized contemporaneously with [the appellants'] arrests and was searched

---

[14] *See id.* at 3–7.

[15] *Id.* at 3.

[16] *Id.*

[17] *Id.* at 4.

[18] *Id.*

[19] *Id.* at 4–5.

[20] *Id.* at 4.

as soon thereafter as was practicable."[21] The Government's argument notwithstanding, the Supreme Court held that the warrantless search was not justified under the search incident to arrest exception because "[o]nce law enforcement officers have reduced luggage or other personal property not immediately associated with the person of the arrestee to their exclusive control, and there is no longer any danger that the arrestee might gain access to the property to seize a weapon or destroy evidence, a search of that property is no longer an incident of the arrest."[22] The Supreme Court went on to state that:

> [e]ven though on this record the issuance of a warrant by a judicial officer was reasonably predictable, a line must be drawn. In our view, when no exigency is shown to support the need for an immediate search, the Warrant Clause places the line at the point where the property to be searched comes under the exclusive dominion of police authority.[23]

Here, like in *Chadwick*, officials were alerted that Appellant would be arriving with luggage potentially containing marijuana. A drug dog alerted to the luggage. Officers followed Appellant outside and subsequently arrested him, seized his luggage, and took him to an office where the luggage was eventually searched and marijuana was discovered. From the moment of arrest and until the luggage was searched, officers had exclusive control of Appellant's luggage. There was no danger, after Appellant was in handcuffs and not holding his bags, that Appellant "might gain access to the property to seize a weapon or destroy evidence."[24] Accordingly, the search of his luggage was

---

[21] *Id.* at 14.

[22] *Id.* at 15.

[23] *Id.*

[24] *Id.*

not "an incident of the arrest."[25] Moreover, because no exigency was shown regarding Appellant's luggage, the opportunity to conduct a justifiable search incident to arrest ended when the luggage came "under the exclusive dominion of police authority."[26]

The majority argues that because of our prior holding in *Lalande* "the officers were entitled to search the suitcases as a search incident to arrest—if for no other reason than that they unquestionably belonged to him and would inevitably accompany him into custody, where a protective search would take place in any event." I do not agree with the assertion that whether the suitcases would accompany Appellant into custody is relevant to a search incident to arrest analysis. Furthermore, I tend to agree with Judge Keller's assertion in her dissent that the holding in *Lalande* applies to inventory searches rather than searches incident to arrest, as the majority opines. However, even under the majority's understanding of search incident to arrest, and even if the *Lalande* holding were to be applied to this case, the search incident to arrest exception would still be inapplicable because there was no chance that Appellant's suitcases would have accompanied him to the jail as his personal property. The suitcases were the only physical evidence that provided probable cause for the arrest. Evidence of a crime that has been seized by officers, as the suitcases were here, does not typically accompany individuals to jail and get put in the property room. Property rooms at jail facilities are for the purpose of storing the personal property of prisoners, not for storing evidence. Also, when prisoners make bail, they are allowed to take their property with them. Again, there is no way that the suitcases full of marijuana were going to be taken with Appellant and placed in the jail property room with his other personal property. After all, doing so would allow Appellant to take

---

[25] *Id.*

[26] *Id.*

the suitcases with him if he were to make bail. It is a near certainty that the suitcases full of marijuana were to be taken to the police evidence room. When evidence is taken to police evidence rooms it is taken there to be safeguarded and kept as evidence of a crime. Defendants are not allowed to take property in an evidence room with them when they make bail. Moreover, it is highly unlikely that the officers searched Appellant's luggage for the purpose of protecting Appellant's property while it remained in their custody or protecting themselves from potential dangers and liability. In reality, they searched his bags to find the contraband the dog alerted on. That is outside the scope of what *Lalande* permits. Under the facts of this case, no exigency existed, and the search incident to arrest exception does not apply.

**Exigent Circumstances**

In certain, narrow situations, probable cause coupled with exigent circumstances can support a warrantless seizure and subsequent search.[27] Exigent circumstances, in the context of warrantless searches, are generally defined as

> those circumstances that would cause a reasonable person to believe that entry [or search] . . . was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other

---

[27] However, this exception, on its own, generally only applies when officers need to search a location. For example, if a location is on fire, if police believe someone is inside and injured, or if, while in "hot pursuit," a suspect runs into a home. *Missouri v. McNeely*, 569 U.S. 141, 149 (2013). Seldom does a situation so urgent occur that demands not only immediate seizure of an item but also a search. As such, exigent circumstances, sufficient to permit a warrantless search of an already-seized item, will rarely exist. *Jacobsen*, 466 U.S. at 114; *Texas v. Brown*, 460 U.S. 730, 749–51 (1983) (Stevens, J., concurring). That being said, the Supreme Court has recognized "that if there is a 'compelling need for official action and no time to secure a warrant,' the warrant requirement may be excused." *McNeely*, 569 U.S. at 149 (quoting *Michigan v. Tyler*, 436 U.S. 499, 509 (2013)).

consequence improperly frustrating legitimate law enforcement efforts.[28]

However, the burden is on the State to prove exigent circumstances, and there was no suggestion of any such circumstances at trial.[29] At most, one might be able to argue that there was a risk that Appellant would destroy the evidence in his bag once he knew that the officers were surveilling him.[30] However, the Supreme Court has made clear that while probable cause coupled with exigent circumstances may support warrantless *seizure* of a bag or container, the same showing is not necessarily sufficient to subsequently justify a warrantless *search*.[31] For example, in *United States v. Jacobsen*, the Supreme Court explained that "[e]ven when government agents may lawfully seize . . . a package to prevent loss or destruction of suspected contraband, the Fourth Amendment requires that they obtain a warrant before examining the contents of such a package."[32] Additionally, in

---

[28] *United States v. Camou*, 773 F.3d 932, 940 (9th Cir. 2014) (brackets in original) (quoting *United States v. McConney*, 728 F.2d 1195, 1999 (9th Cir. 1984) (en banc)).

[29] *Fry v. State*, 493 S.W.2d 758, 760 (Tex. Crim. App. 1972).

[30] Any argument that Appellant's bag could have potentially had something dangerous in it, such as a bomb, is unfounded. His bag was searched at his departure airport and was not in his control until he was subsequently stopped. Had he been carrying an explosive, it would have already been discovered. Moreover, had the threat of explosives been on the table, a police officer likely would not have walked the bag into and through the airport and rummaged through the luggage himself. Given the circumstances, timing, and location of the search, it is fair to say that there were no time-sensitive threatening concerns at play other than maybe the need to ensure the evidence was not lost or destroyed.

[31] *Jacobsen*, 466 U.S. at 114; *Texas v. Brown*, 460 U.S. 730, 749–51 (1983) (Stevens, J., concurring) ("the constitutionality of a container search is not automatically determined by the constitutionality of the prior seizure . . . The item may be seized temporarily. It does not follow, however, that the container may be opened on the spot."); *Chadwick*, 433 U.S. at 13–14 n.8 ("A search of the interior was . . . a far greater intrusion into Fourth Amendment values than the impoundment of the footlocker.").

[32] *Jacobsen*, 466 U.S. at 114.

*United States v. Place*, the Supreme Court stated

> [w]here law enforcement authorities have probable cause to believe that a container holds contraband or evidence of a crime, but have not secured a warrant, the Court has interpreted the [Fourth] Amendment to permit seizure of the property, pending issuance of a warrant to examine its contents, if the exigencies of the circumstances demand it . . . .[33]

Moreover, in *Chadwick*, the Court emphasized that a person has a reasonable expectation of privacy in their luggage and further held that once police have arrested a suspect and immobilized his property, validly seized bags are not subject to search without a warrant.[34] This is because a seizure only deprives an individual of their possessory interest, whereas a search intrudes on one's privacy interests as well.[35] "[T]herefore, once an exigency ends, as by an arrest or the seizure and custodial retention of a container by the police, a neutral judicial officer must authorize any subsequent search . . . ."[36]

Accordingly, even if there was a legitimate exigent circumstance at play here, which I would argue there was not, the exigency ended when the officer seized the bag and placed Appellant in handcuffs. Thus, simply because there may have potentially been an abstract threat that Appellant would destroy the evidence, such a hypothetical, on its own, does not amount to an exigent circumstance that would justify the warrantless search of Appellant's luggage. In other words, the search here was not justified by way of an exigent circumstance because there is no reason to believe that Appellant would be able to destroy or remove the evidence in his suitcase while he was in

---

[33] *Place*, 462 U.S. at 701.

[34] *Chadwick*, 433 U.S. at 13.

[35] *Segura v. United States*, 468 U.S. 796, 806 (1984).

[36] *United States v. Doe*, 61 F.3d 107, 111 (1st Cir. 1995).

handcuffs and the luggage was in the officer's exclusive control. As such, under the facts of this case, the exigent circumstances exception does not apply.

**Inventory Searches**

In *Illinois v. Lafayette*, the Supreme Court held "that it is not 'unreasonable' for police, as part of the routine procedure incident to incarcerating an arrested person, to search any container or article in his possession, in accordance with established inventory procedures."[37] The purpose of such an inventory search is "to protect the owner's property while it remains in police custody, to protect the police against claims or disputes over lost or stolen property, and to protect the police from potential dangers."[38] In other words, inventory searches are an administrative protection and "must not be a ruse for a general rummaging in order to discover incriminating evidence."[39]

Then, as stated above, in *Lalande v. State*, we authorized accelerated inventory searches and held that "once it becomes unequivocally clear that the item is to accompany the detainee, the right of inspection accrues immediately, and is not limited to actions carried out within the station itself."[40] Accelerating an inventory search does not render the search illegal because "no additional or greater intrusion on the privacy of the suspect is involved."[41] That is true, however, only when it can be

---

[37] *Illinois v. Lafayette*, 462 U.S. 640, 648 (1983).

[38] *Kelley v. State*, 677 S.W.2d 34, 37 (Tex. Crim. App. 1984) (citing *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976)).

[39] *Florida v. Wells*, 495 U.S. 1, 4 (1990).

[40] *Lalande*, 676 S.W.2d 115, 118 (Tex. Crim. App. 1984) (adopting rationale of *People v. Bullwinkle*, 164 Cal. Rptr. 163, 166–67 (Cal. Ct. App. 1980), *disapproved of by People v. Laiwa*, 669 P.2d 1278, 1288 (Cal. 1983)).

[41] *Bullwinkle*, 164 Cal. Rptr. at 166.

unequivocally shown that the suspect would have been jailed and that the item that was searched would have accompanied the individual to jail and thus been subject to an inventory search.[42] In other words, *Lalande* does not permit officers to search a suspect's items on the scene simply because they are arresting that person. It must also be unequivocally clear that said item will be coming with the individual to jail as their personal property.

In this case, the officers had probable cause to believe there was contraband in the luggage and therefore arrest Appellant the moment the dog alerted on his luggage.[43] Again, contrary to the majority's opinion, at this point, there was no chance Appellant's suitcases would be accompanying him to the jail as his personal property because the luggage was the only physical evidence providing probable cause for the arrest.

**Conclusion**

In sum, Appellant had a reasonable expectation of privacy in his luggage. As such, a warrantless search of his luggage was unjustified unless an exception applied to the search. Because this search was not incident to arrest, did not involve any actual exigent circumstances, and was not a proper inventory search, the officer either needed a warrant or Appellant's consent to search his luggage, and the officer had neither. Accordingly, this search violated the Fourth Amendment's proscription against warrantless searches, and the marijuana seized from the luggage should have been suppressed from evidence at trial. Because the majority reaches the opposite conclusion, I respectfully dissent.

---

[42] *Lalande*, 676 S.W.2d at 118; *Bullwinkle*, 164 Cal. Rptr. at 166.

[43] *Florida v. Royer*, 460 U.S. 491, 506 (1983) ("a positive result [from a drug sniff] would have resulted in [Appellant's] justifiable arrest on probable cause").

Filed: September 23, 2020
Publish