Reversed and Remanded and Opinion filed August 16, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00771-CR

NO. 14-10-00772-CR

___________________

 

THE State of Texas, Appellant

 

V.

 

Mark Steven Bell, Appellee



 



 

On
Appeal from the 228th District Court

Harris County,
Texas



Trial Court Cause No. 1238939 & 1238940

 



 

 

OPINION

            The State of Texas brings
this appeal from the trial court’s order granting appellee Simon Property Group
Inc.’s motion to suppress.  The State charged appellee with two counts of
unauthorized discharge of industrial waste.  Appellee filed a motion to
suppress in both cases.  The trial court granted the motions to suppress, prompting
this appeal by the State.     

This case involves a search and seizure of wastewater
samples in the yellow and blue parking garages of the Westin Galleria hotel and
the Houston Galleria shopping mall.  On November 1, 2006, Sheree Moore
(formerly Sheree Penick), who ran a pressure-washing business, called Sergeant
Walsh, a Houston Police Department investigator assigned to investigate
environmental crimes, and informed him wastewater was being illegally dumped
from a pressure-washing operation being conducted in the yellow garage. 
Sergeant Walsh arrived, and with Moore, proceeded from the parking garage to
the loading dock area.  Inside the loading dock area, Sergeant Walsh took
photographs of the pressure-washing residue and took four wastewater samples. 
On November 3, 2006, Moore again called Sergeant Walsh and informed him
wastewater was being illegally dumped from a pressure-washing operation being
conducted in the blue garage.  Sergeant Walsh took photographs of the
pressure-washing residue and took two environmental samples.

Subsequently, four
parties, Mark Steven Bell, Simon Property Group, Inc., Millard Mall Services,
Inc., and Robert Gerardo Sepeda, were charged with unauthorized discharge of
industrial waste.  Mark Bell is an employee of Simon Management Associates, the
management company for the Galleria.  Simon Property Group’s relationship to
the Galleria was not identified, either by the trial court in its findings or
by Simon Property Group in its brief.  Millard Mall Services is a janitorial and
cleaning contractor for the Galleria Premises.  Robert Sepeda is a Senior
Project Manager for Millard Mall Services.

Mark Bell and Simon
Property Group filed a motion to suppress and a hearing was held.  The trial
court granted the motions to suppress and entered findings of fact and
conclusions of law.  Counsel for Millard Mall Services and Robert Sepeda was
present at the hearing on the motions to suppress but did not participate. 
Millard Mall Services and Robert Sepeda then filed motions to suppress that
relied upon those filed by Mark Bell and Simon Property Group, and asked the
trial court to make the same findings on their motions to suppress.  No hearing
was held on the motions to suppress filed by Millard Mall Services and Robert
Sepeda.  The trial court granted the motions to suppress and entered findings
of fact and conclusions of law in which the findings made regarding Mark Bell
and Simon Property Group were adopted.  

The trial court’s
findings and conclusions reflect the motions to suppress were granted for the
following reasons.  The searches were made without a warrant and no exception
to the warrant requirement under Texas law applied.  Sheree Moore, acting as an
agent of the State, and Sergeant Walsh committed the offense of criminal trespass. 
See Tex. Pen. Code § 30.05 (West 2011).  Accordingly, the seized
evidence was inadmissible under the exclusionary rule.  See Tex. Code
Crim. Proc. art. 38.23 (West 2005).  The search was unreasonable under the
United States Constitution.  See U.S. Const. amend. IV.  There was no
valid consent to search.  Finally, the State waived its argument under section
26.014 of the Texas Water Code but, even if it were not waived, the State did
not establish the applicability of section 26.014 to justify the warrantless
searches.  See Tex. Water Code § 26.014 (West 2008).  The State has
appealed the trial court’s decision as to all four defendants. 

The State’s first issue is whether appellee has
standing to challenge the search and seizure.  The State asserts appellee did
not have a legitimate expectation of privacy in the Galleria hotel parking
garage.  

A defendant bringing a motion to suppress bears the
burden of establishing that he had a reasonable expectation of privacy from law
enforcement intrusion. See State v. Mercado, 972 S.W.2d 75, 78 (Tex. Crim.
App. 1998) (per curiam); see also Wilson, 692 S.W.2d at 663–64; Trinh
v. State, 974 S.W.2d 872, 874 (Tex. App. – Houston [14th Dist.] 1998, no
pet.); and Kelley v. State, 807 S.W.2d 810, 815 (Tex. App. – Houston
[14th Dist.] 1991, pet. ref'd).  Accordingly, the State may raise the issue of
standing for the first time on appeal in a court of appeals.  See State v.
Klima, 934 S.W.2d 109, 111 (Tex. Crim. App. 1996).  See also State v.
Consaul, 982 S.W.2d 889, 903 (Tex. Crim. App. 1998), and State v.
Mercado, 972 S.W.2d 75, 78 (Tex. Crim. App. 1978).  

Appellee challenged the
search of the two parking garages under the United States and Texas
Constitutions and article 38.23 of the Texas Code of Criminal Procedure.  See
U.S. Const. amend. IV; Tex. Const. art. I, § 9; and Tex. Code Crim. Proc. art.
38.23 (West 2005).  “To assert a challenge to a search and seizure under the
United States and Texas Constitutions and article 38.23, a party must first
establish standing.  See Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim.
App. 1996).”  Pham v. State, 324 S.W.3d 869, 874 (Tex. App. – Houston
[14th Dist.] 2010, pet. ref’d).  Standing is a question of law which we review de
novo. Kothe, 152 S.W.3d at 59; Turner v. State, 132 S.W.3d 504,
507 (Tex. App. – Houston [1st Dist.]
2004, pet. ref'd).

To determine if appellee
had a legitimate expectation of privacy, we first determine whether appellee
demonstrated an actual subjective expectation of privacy.  Pham, 324
S.W.3d at 874-75.  If so, we then decide whether appellee’s subjective
expectation of privacy was one that society is prepared to regard as
objectively reasonable.  Id.

Appellee did not testify at the hearing.  The trial
court found appellee “was employed by Simon Management Associates . . .” and
that “the management company for the Galleria at the time of the Discharges was
Simon Management Associates. . .”  The record reflects appellee holds the job
title “Mall Manager V.”  Appellee asserts that as the management company for
the Galleria, Simon Management Associates had a reasonable expectation of
privacy in the Galleria Premises at the time of the searches.  While an owner
or operator of a business has an expectation of privacy in commercial property,
that would allow Simon Management Associates to challenge the search, not
appellee.  

Appellee argues that as “an employee of Simon
Management allegedly responsible for care, custody, and control of the Galleria
Premises, Appellee Mark Steven Bell had the same reasonable expectation. 
Business owners or managers are entitled to the protection of the Fourth
Amendment for searches and seizures conducted on their own private commercial
premises.”  Appellee cites United States v. Gonzalez, Inc., 412 F.3d
1102 (9th Cir. 2005), in support.  

In Gonzalez, the court noted it had previously
held that owners of the premises where an illegal wiretap occurs have standing
to challenge the interception, even if the owners did not participate in the
intercepted conversation.  Id. at 1116.  The government argued those
cases were distinguishable because they involved residential, not commercial
properties, and an individual’s expectation of privacy is lower in a commercial
property.  Id.  The court found the cases were not distinguishable from
the case at bar because it involved a small, family-run business of only 25
employees, maximum.  

In such an office, individuals who own who own and manage
the business operation have a reasonable expectation of privacy over the
on-site business conversations between their agents. In reaching this result,
we do not rule out the possibility that the hands-off executives of a major
corporate conglomerate might lack standing to challenge all intercepted
conversations at a commercial property that they owned, but rarely visited.
Instead, we simply hold that because the Gonzalezes were corporate officers and
directors who not only had ownership of the Blake Avenue office but also
exercised full access to the building as well as managerial control over its
day-to-day operations, they had a reasonable expectation of privacy over calls
made on the premises.

Id. at 1116-117.  In
the instant case, there is no evidence of the extent of Simon Management
Associates’ involvement in the day-to-day operations of the parking garages.  In
Gonzalez, the owner of the business, who also exercised managerial
control, was allowed to challenge the interception.  Appellee is not the owner
of the business and the extent of his managerial control, if any, over the
parking garages, is not demonstrated in the record before this court.  Gonzalez
is inapposite to the case at bar.

Appellee points to the “signs, gates, and other
notices” as evidence of an expectation of privacy.  However, the record
establishes neither appellee nor Simon Management Associates were responsible
for display of those signs and notices.  Robert DeLaGarza, an employee of
Standard Parking, testified he put the signs up, as noted in the trial court’s
findings of fact.  The record does not demonstrate that appellee took any
action that exhibited an expectation of privacy.   

Appellee relies upon the fact that he has been
charged with the offense on the allegation he had care, custody, and control of
the premises.  Being charged with the crime does not mean appellee may
automatically challenge the legality of the search.  See Franklin v. State,
913 S.W.2d 234, 240 (Tex. App. – Beaumont 1995, pet. ref’d).  See also
Hollis v. State, 219 S.W.3d 446, 457-58 (Tex. App. – Austin 2007, no pet.)
(“An accused lacks standing to challenge the admission of evidence obtained by
searching an area in which he or she does not have a legitimate expectation of
privacy.”). 

The right against an
unreasonable search and seizure is a personal right which may not be
vicariously asserted.  Pham, 324 S.W.3d at 874.  

“A person who is aggrieved by an illegal search and seizure
only through the introduction of damaging evidence secured by a search of a
third person's premises or property has not had any of his Fourth Amendment
rights infringed.”  Rakas, 439 U.S. at 134, 99 S.Ct. 421.  “And since
the exclusionary rule is an attempt to effectuate the guarantees of the Fourth
Amendment, it is proper to permit only defendants whose Fourth Amendment rights
have been violated to benefit from the rule’s protections.”  Id.
(citations omitted).

Id. 
The record reflects the evidence suppressed by the trial court was secured by a
search of a third person’s premises or property.  

Under the record
presented, we conclude that appellee failed to establish any state or federal
constitution privacy interest.  Therefore, appellee did not meet its burden of
establishing all the elements necessary to object to the search and seizure of
the evidence under the United States and Texas
Constitutions.  See Pham,
324 S.W.3d at 874.  Furthermore, article 38.23(a) does not confer third-party
standing to persons accused of crimes, such that they may complain about the
receipt of evidence that was obtained by violation of the rights of others, no
matter how remote an interest from themselves. See Miles v. State, 241 S.W.3d 28, 47 (Tex. Crim.
App. 2007). Accordingly, we conclude the trial court erred in granting
appellee’s motions to suppress and sustain the State’s first issue.  

We reverse the trial court’s order granting
appellee’s motions to suppress and remand for further proceedings consistent
with this opinion.

 

                                                                                    PER
CURIAM

 

Panel consists of Justices
Anderson, Brown, and Christopher.

Publish
— Tex. R. App. P. 47.2(b).