STATE of Texas, Appellant,

v.

SIMON PROPERTY GROUP, INC., Appellee.

Nos. 14–10–00773–CR, 14–10–00774–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 16, 2011.

Rehearing En Banc Overruled Dec. 7, 2011.

David Christopher Newell, Houston, for appellant.

Jason Davis, San Antonio, for appellee.

Panel consists of Justices ANDERSON, BROWN, and CHRISTOPHER.

## OPINION

PER CURIAM.

The State of Texas brings this appeal from the trial court's order granting appellee Simon Property Group Inc.'s motion to suppress. The State charged appellee with two counts of unauthorized discharge of industrial waste. Appellee filed a motion to suppress in both cases. The trial court granted the motions to suppress, prompting this appeal by the State.

This case involves a search and seizure of wastewater samples in the yellow and

blue parking garages of the Westin Galleria hotel and the Houston Galleria shopping mall. On November 1, 2006, Sheree Moore (formerly Sheree Penick), who ran a pressure-washing business, called Sergeant Walsh, a Houston Police Department investigator assigned to investigate environmental crimes, and informed him wastewater was being illegally dumped from a pressure-washing operation being conducted in the yellow garage. Sergeant Walsh arrived, and with Moore, proceeded from the parking garage to the loading dock area. Inside the loading dock area, Sergeant Walsh took photographs of the pressure-washing residue and took four wastewater samples. On November 3, 2006, Moore again called Sergeant Walsh and informed him wastewater was being illegally dumped from a pressure-washing operation being conducted in the blue garage. Sergeant Walsh took photographs of the pressure-washing residue and took two environmental samples.

Subsequently, four parties, Mark Steven Bell, Simon Property Group, Inc., Millard Mall Services, Inc., and Robert Gerardo Sepeda, were charged with unauthorized discharge of industrial waste. Mark Bell is an employee of Simon Management Associates, the management company for the Galleria. Simon Property Group's relationship to the Galleria was not identified, either by the trial court in its findings or by Simon Property Group in its brief. Millard Mall Services is a janitorial and cleaning contractor for the Galleria Premises. Robert Sepeda is a Senior Project Manager for Millard Mall Services.

Mark Bell and Simon Property Group filed a motion to suppress and a hearing was held. The trial court granted the motions to suppress and entered findings of fact and conclusions of law. Counsel for Millard Mall Services and Robert Sepeda was present at the hearing on the motions to suppress but did not participate. Millard Mall Services and Robert Sepeda then filed motions to suppress that relied upon those filed by Mark Bell and Simon Property Group, and asked the trial court to make the same findings on their motions to suppress. No hearing was held on the motions to suppress filed by Millard Mall Services and Robert Sepeda. The trial court granted the motions to suppress and entered findings of fact and conclusions of law in which the findings made regarding Mark Bell and Simon Property Group were adopted.

The trial court's findings and conclusions reflect the motions to suppress were granted for the following reasons. The searches were made without a warrant and no exception to the warrant requirement under Texas law applied. Sheree Moore, acting as an agent of the State, and Sergeant Walsh committed the offense of criminal trespass. See Tex. Pen.Code § 30.05 (West 2011). Accordingly, the seized evidence was inadmissible under the exclusionary rule. See Tex.Code Crim. Proc. art. 38.23 (West 2005). The search was unreasonable under the United States Constitution. See U.S. Const. amend. IV. There was no valid consent to search. Finally, the State waived its argument under section 26.014 of the Texas Water Code but, even if it were not waived, the State did not establish the applicability of section 26.014 to justify the warrantless searches. See Tex. Water Code § 26.014 (West 2008). The State has appealed the trial court's decision as to all four defendants.

The State's first issue is whether appellee has standing to challenge the search and seizure. The State asserts appellee did not have a legitimate expectation of privacy in the Galleria hotel parking garage. Appellee claims the State is estopped from claiming it lacks standing to challenge the search and seizure because

the State failed to raise the issue in the trial court.

A defendant bringing a motion to suppress bears the burden of establishing that he had a reasonable expectation of privacy from law enforcement intrusion. *See State v. Mercado*, 972 S.W.2d 75, 78 (Tex.Crim.App.1998) (per curiam); *see also Wilson*, 692 S.W.2d 661, 663–64; *Trinh v. State*, 974 S.W.2d 872, 874 (Tex. App.-Houston [14th Dist.] 1998, no pet.); and *Kelley v. State*, 807 S.W.2d 810, 815 (Tex.App.-Houston [14th Dist.] 1991, pet. ref'd). Accordingly, the State may raise the issue of standing for the first time on appeal in a court of appeals. *See State v. Klima*, 934 S.W.2d 109, 111 (Tex.Crim. App.1996). *See also State v. Consaul*, 982 S.W.2d 899, 903 (Tex.Crim.App.1998), and *State v. Mercado*, 972 S.W.2d 75, 78 (Tex. Crim.App.1998).

Appellee is correct that in *Kothe v. State*, 152 S.W.3d 54, 60 (Tex.Crim.App. 2004), the court acknowledged that a court of appeals may conclude the State has forfeited its argument by failing to raise it in the trial court. However, *Kothe* also recognized a court of appeals may raise the issue of standing on its own or may analyze that issue as part of the claim presented. *Id.* In *Kothe*, as in this case, the State appealed the trial court's ruling granting the defendant's motion to suppress and on direct appeal raised standing for the first time. *Id.* at 58, 60. The court reiterated that because standing is an element of a claim of unlawful search and seizure, "the State may raise the issue of standing for the first time on appeal, even when the defendant is the prevailing party in the trial court." *Id.* citing *Klima*, 934 S.W.2d at 110–11.

Appellee also argues that the State has forfeited any challenge to standing because the State has alleged appellee is responsible for the unauthorized dis-

charge. Being charged with the crime does not mean appellee may automatically challenge the legality of the search. *See Franklin v. State*, 913 S.W.2d 234, 240 (Tex.App.-Beaumont 1995, pet. ref'd). *See also Hollis v. State*, 219 S.W.3d 446, 457–58 (Tex.App.-Austin 2007, no pet.) ("An accused lacks standing to challenge the admission of evidence obtained by searching an area in which he or she does not have a legitimate expectation of privacy."). Accordingly, we address the State's complaint concerning standing.

Appellee challenged the search of the two parking garages under the United States and Texas Constitutions and article 38.23 of the Texas Code of Criminal Procedure. *See* U.S. Const. amend. IV; Tex. Const. art. I, § 9; and Tex.Code Crim. Proc. art. 38.23 (West 2005). "To assert a challenge to a search and seizure under the United States and Texas Constitutions and article 38.23, a party must first establish standing. *See Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996)." *Pham v. State*, 324 S.W.3d 869, 874 (Tex. App.-Houston [14th Dist.] 2010, pet. ref'd). Standing is a question of law which we review de novo. *Kothe*, 152 S.W.3d at 59; *Turner v. State*, 132 S.W.3d 504, 507 (Tex. App.-Houston [1st Dist.] 2004, pet. ref'd).

To determine if appellee had a legitimate expectation of privacy, we first determine whether appellee demonstrated an actual subjective expectation of privacy. *Pham*, 324 S.W.3d at 874–75. If so, we then decide whether appellee's subjective expectation of privacy was one that society is prepared to regard as objectively reasonable. *Id.*

There is no evidence in the record that appellee had a subjective expectation of privacy in the parking garage. The trial court found appellee "did not manage

or own the Galleria Premises at the time of the alleged Discharges" and the record does not reveal what relationship appellee has to the Galleria or the parking garage. Appellee relies upon statements by Sheree Moore and Sergeant Walsh that it managed the Galleria but the trial court expressly found otherwise and nothing in the record contradicts that finding. Appellee points to the "signs, gates, and other notices" as evidence of an expectation of privacy. However, the record establishes appellee was not responsible for display of those signs and notices. Robert DeLaGarza, an employee of Standard Parking, testified he put the signs up, as noted in the trial court's findings of fact. The record does not demonstrate that appellee took any action that exhibited an expectation of privacy.

■ The right against an unreasonable search and seizure is a personal right which may not be vicariously asserted. *Pham,* 324 S.W.3d at 874.

> "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas,* 439 U.S. at 134, 99 S.Ct. 421, 58 L.Ed.2d 387. "And since the exclusionary rule is an attempt to effectuate the guarantees of the Fourth Amendment, it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the rule's protections." *Id.* (citations omitted).

*Id.* The record reflects the evidence suppressed by the trial court was secured by a search of a third person's premises or property.

■ Under the record presented, we conclude that appellee failed to establish any state or federal constitution privacy interest. Therefore, appellee did not meet its burden of establishing all the elements necessary to object to the search and seizure of the evidence under the United States and Texas Constitutions. *See Pham,* 324 S.W.3d at 874. Furthermore, article 38.23(a) does not confer third-party standing to persons accused of crimes, such that they may complain about the receipt of evidence that was obtained by violation of the rights of others, no matter how remote an interest from themselves. *See Miles v. State,* 241 S.W.3d 28, 47 (Tex. Crim.App.2007). Accordingly, we conclude the trial court erred in granting appellee's motions to suppress and sustain the State's first issue.

We reverse the trial court's order granting appellee's motions to suppress and remand for further proceedings consistent with this opinion.