**Opinion issued November 8, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00645-CR

————————————

**TERRENCE REED, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1283986**

---

## MEMORANDUM OPINION

After the trial court denied his motions to suppress evidence and a recorded confession, Terrence Reed pleaded guilty to unlawful possession of a firearm. *See* TEX. PENAL CODE ANN. § 46.04(a) (West 2011). The trial court found Reed to be a habitual offender and assessed his punishment at twenty-five years' confinement.

Reed challenges the trial court's denial of his motions to suppress. Finding no error, we affirm.

## Background

Officer K. McDaniel questioned Reed while Reed was in custody in the Harris County Jail on unrelated charges of burglary of a motor vehicle. Over the course of three separate interviews, Reed admitted to stealing a firearm and selling it to a third party, Victor Martinez.

Officer McDaniel later contacted Martinez and questioned him about the gun. Martinez denied possessing the gun but disclosed that he knew who had it. Martinez was reluctant to turn the gun over to police, because as a convicted felon, his possession of a firearm is illegal. After McDaniel assured Martinez that he would not arrest him, Martinez complied and brought the gun to the authorities.

McDaniel testified that he had read Reed *Miranda* warnings before each of the three interviews. McDaniel recorded only the last interview. Reed first asked McDaniel whether he was in trouble, and McDaniel responded, "No, no." Reed then asked, after being read his *Miranda* warnings, "You aren't gonna put no new charges on me, or anything?" McDaniel did not answer. After a pause, Reed said, "Well, I'm willing to cooperate, but I was just wondering." McDaniel then said, "All we really want to know about is—you talked about [Martinez]—you sold him the gun. Tell us about that." After Reed confessed, detailing how he stole the gun

2

and sold it to Martinez, he again asked, "I don't have any new charges on me, or nothing do I?" Officer McDaniel replied that he would present the case to the District Attorney, who would decide whether to charge Reed.

## Discussion

Reed challenges the admissibility of the firearm to be used as evidence against him and of a recorded statement that he gave to police. The trial court declined to suppress either.

*Standard of Review*

We review a trial court's ruling on a motion to suppress for abuse of discretion. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We view the evidence in the light most favorable to the trial court's ruling. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007) (quoting *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006)). We defer to a trial court's express or implied determination of historical facts, as well as to its application of law to fact questions if those questions turn on the evaluation of credibility and demeanor. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We will uphold the trial court's ruling if it is reasonably supported by the record and correct on any theory of law applicable to the case. *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003).

*Suppression of the Firearm and Standing*

Reed first contends that, because Martinez is a convicted felon and McDaniel knowing this, encouraged Martinez to commit the offense of possessing a firearm as a felon in order to obtain the firearm. Therefore, the firearm should have been suppressed, because it constitutes illegally obtained evidence. The State counters that Reed lacks standing to raise this challenge.

Article 38.23 of the Texas Code of Criminal Procedure provides:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

TEX CODE CRIM. PROC. ANN. art. 38.23 (West 2005). To challenge the admission of evidence under article 38.23, an appellant must first establish that he has standing. *Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004). We review the question of standing de novo. *Id.*

Reed admitted that he had sold the gun to Martinez, and thus had no expectation of privacy in the gun. *See Pham v. State*, 324 S.W.3d 869, 875 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) ("By giving the bag to [a confidant to deliver to a third party], appellant assumed the risk that his confidant would reveal that information to the public, thus frustrating appellant's expectation of privacy."). Martinez cooperated with the authorities and willingly produced the gun. Reed has not demonstrated how McDaniel's urging Martinez to obtain the gun knowing

4

Martinez was a felon implicates Reed's constitutional or legal rights. Reed thus lacked standing to challenge the admission of the gun or complain about McDaniel's encouraging Martinez to retrieve the gun. *See Pham*, 324 S.W.3d at 875.

*Suppression of Recorded Statement*

Second, Reed contends that his recorded statement was involuntary, because Officer McDaniel unlawfully induced Reed to make it with promises of transactional immunity if he cooperated in the investigation. *Smith v. State*, 70 S.W.3d 848, 850–51 (Tex. Crim. App. 2002) ("A grant of immunity from prosecution is, conceptually, a prosecutorial promise to dismiss the case."). Texas Code of Criminal Procedure article 38.21 provides, "A statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion." TEX. CODE CRIM. PROC. ANN. art. 38.21 (West 2005). A promise of immunity renders a confession invalid only if it induces the confession. *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993). To exclude a statement based on a promise of immunity, the defendant must show that a promise was made. *Henderson v. State*, 962 S.W.3d 544, 564 (Tex. Crim. App. 1997). The promise must be "(1) positive, (2) made or sanctioned by someone in authority, and (3) of such an influential nature that a defendant would speak untruthfully in response thereto." *Muniz*, 851 S.W.2d at 254. A promise is

5

established only by the presence of an "if–then" relationship. *See Chamber v. State*, 866 S.W.2d 9, 20–21 (Tex. Crim. App. 1993). There is no promise unless a defendant can demonstrate that his confession was induced by "implicitly or explicitly suggesting a deal, bargain, agreement, exchange, or contingency." *Id.*

Viewed in the light favoring the trial court's ruling, the record does not support Reed's contention that his statement was involuntary. Officer McDaniel testified that he had read Reed his statutory warnings, including a warning that his statements could be used against him. Although Reed asked whether any further charges would be filed, the trial court, as fact-finder, reasonably could have concluded McDaniel made no promise to Reed. Reed directs us to his question at the beginning of the audio recording of his third interview regarding whether he would be facing any new charges. However, the officers present did not answer Reed's question. Reed then told McDaniel, "I'm willing to cooperate, but I was just wondering." McDaniel again ignored the question and told Reed that he wanted to know how he had obtained the gun. Silence may not be assumed to render a promise because a promise must carry the suggestion of a *quid pro quo*. *Hill v. State*, 902 S.W.2d 57, 59 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd).

## Conclusion

We conclude that Reed has failed to show he meets the threshold criteria to suppress the evidence offered against him. Accordingly, the trial court did not

abuse its discretion in denying Reed's motion to suppress. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).