**Opinion issued October 30, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00930-CR

————————————

**KAYLEN DEWAYNE SIMMONS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 12-CR-2519**

---

## MEMORANDUM OPINION

Kaylen Dewayne Simmons pleaded guilty to the felony offense of burglary of a habitation, and the trial court deferred adjudication and placed Simmons on community supervision for six years. *See* TEX. PENAL CODE ANN. § 30.02 (West 2011). On appeal, Simmons contends that the trial court erred in denying his

motion to suppress evidence seized in the search of a car in which he was a passenger. We affirm.

## Background

At the hearing on the motion to suppress, Officer L. De la Garza testified that while on patrol one morning around 3:00 a.m., a car with no taillights passed him. He followed the car to a gas station and activated his overhead lights as he was entering the parking lot behind the car. One of the occupants started walking towards the gas station store, while the driver and another passenger remained in the car, acting "fidgety." De la Garza told the man who left the car to come back. De la Garza testified that he approached the car, identified the driver as Rudy Ortiz, made Ortiz step out and put his hands behind his back, handcuffed him, and advised him that he was under arrest for the traffic offense of having a defective taillight.

While De la Garza was continuing with the traffic stop investigation, another officer arrived with his K-9 partner and conducted a drug sniff of the car. The dog "alerted" for the presence of narcotics. Subsequently, De la Garza searched the car and found a number of items, including a pillowcase containing a Coach purse and several electronics in the car's trunk. It was later determined that the items in the pillowcase were stolen during a recent burglary.

Simmons also testified at the hearing. He testified that he was riding in the back seat of the car, was asked to exit the car, and was handcuffed.

**Discussion**

In two issues, Simmons contends that the trial court erred in denying the motion to suppress because Officer De la Garza had no basis to search the car and the State did not offer evidence that the K-9 was properly certified. The State responds, arguing for the first time on appeal that Simmons does not have standing to contest the search because he was merely a passenger in the car.

**A.     Standard of Review and Applicable Law**

A defendant who asserts a Fourth Amendment claim has the initial burden to establish, as an element of that claim, that he has standing. *State v. Klima*, 934 S.W.2d 109, 111 (Tex. Crim. App. 1996). To demonstrate standing to challenge the search of another person's vehicle, the defendant must show that he personally has a legitimate expectation of privacy in the searched vehicle. *See Klima*, 934 S.W.2d at 111; *see also Matthews v. State*, 431 S.W.3d 596, 606 (Tex. Crim. App. 2014) (The accused "must show (1) that he exhibited an actual subjective expectation of privacy in the place invaded (i.e., a genuine intention to preserve something as private) and (2) that society is prepared to recognize that expectation of privacy as objectively reasonable.") (internal quotations omitted). The State may raise the issue of standing for the first time on appeal. *Klima*, 934 S.W.2d at

110. We review standing de novo, as it is a question of law. *State v. Allen*, 53 S.W.3d 731, 732 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

Fourth Amendment rights are personal rights that may not be vicariously asserted. *Pham v. State*, 324 S.W.3d 869, 874 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Rakas v. Illinois*, 439 U.S. 128, 133–34, 99 S. Ct. 421, 426 (1979)); *see also Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004). "'A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.'" *Pham*, 324 S.W.3d at 874 (quoting *Rakas*, 439 U.S. at 134, 99 S. Ct. at 425). A passenger has no standing to contest the search of the vehicle without evidence showing a legitimate expectation of privacy in the vehicle or a possessory interest in the property seized. *See Flores v. State*, 871 S.W.2d 714, 719 (Tex. Crim. App. 1993); *Meeks v. State*, 692 S.W.2d 504, 510 (Tex. Crim. App. 1985); *see also Allen*, 53 S.W.3d at 732 ("[A] nonowner passenger does not have standing to challenge a search of a car's trunk.").

**B.     Analysis**

We agree with the State that Simmons did not meet his burden to show that he had standing to challenge the search of the car's trunk. The evidence presented at the hearing conclusively showed that Simmons was a passenger in the back seat

4

of the car. Although it was his burden to do so, Simmons offered no evidence regarding any expectation of privacy in the car or any possessory interest in any of the items seized. *See Klima*, 934 S.W.2d at 111; *see also Rakas*, 439 U.S. at 148–49, 99 S. Ct. at 433; *Pham*, 324 S.W.3d at 875–76.

Simmons relies on a single case in support of his argument that he has standing to challenge the search, *Brendlin v. California*, 551 U.S. 249, 127 S. Ct. 2400 (2007). Simmons argues that *Brendlin* "unambiguously" holds that a vehicle passenger "has a basis for challenging a search of the vehicle." But *Brendlin* does not support Simmons's argument that he has standing here.

As the Fifth Circuit recently explained, "[i]n *Brendlin*, the [Supreme] Court held that when the police stop a car, passengers in the car are 'seized' under the Fourth Amendment to the same extent as a driver and thus have individual standing to challenge the stop's constitutionality." *U.S. v. Powell*, 732 F.3d 361, 375 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1326 (2014). But "*Brendlin* [was] clearly focused on the Fourth Amendment implications of a police stop on an individual's person and freedom of movement—the seizure of the person." *Id.* "Nothing in the [Supreme] Court's opinion alters the standing analysis for searching an area of a vehicle or an item found in a vehicle." *Id.* "To gain Fourth Amendment standing to challenge the validity of a search—not the validity of the underlying seizure—passengers must continue to show a 'legitimate expectation of

5

privacy' in the area or item searched." *Id.* (quoting *Rakas*, 439 U.S. at 148, 99 S. Ct. at 433).

Since he did not own the vehicle, Simmons bore the burden to show that he had an actual subjective expectation of privacy in the car's trunk and that "society is prepared to recognize that expectation of privacy as objectively reasonable," but he presented no evidence of either. *See Matthews*, 431 S.W.3d at 606. Accordingly, we hold that Simmons failed to establish that he had standing to challenge the search. *See Rakas*, 439 U.S. at 148–49, 99 S. Ct. at 433 (passengers who asserted neither property nor possessory interest in vehicle or items found during search, and who made no showing of any legitimate expectation of privacy in areas of vehicle where seized items were found, were not entitled to suppression of seized items in their subsequent robbery prosecution); *Hughes v. State*, 24 S.W.3d 833, 838 (Tex. Crim. App. 2000) (passenger appellant showing no possessory interest in vehicle or items seized from within it endured no infringement of any right ensuring freedom from unreasonable searches and seizures).

Because we have concluded that Simmons did not establish standing to challenge the search of the car, we need not address the two grounds on which Simmons challenges the trial court's denial of his motion to suppress. *See Wilson v. State*, 692 S.W.2d 661, 671 (Tex. Crim. App. 1984) (op. on reh'g) (reviewing

court may affirm trial court's denial of motion to suppress on the ground that the defendant failed to establish standing, even if standing was not raised in trial court).

## Conclusion

We affirm the trial court's judgment.


Rebeca Huddle
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish. Tex. R. App. P. 47.2(b).