**Reversed and Remanded and Opinion filed October 5, 2011.**



In The

# Fourteenth Court of Appeals

———————————————

NO. 14-10-00956-CR
NO. 14-10-00957-CR

———————————————

**THE STATE OF TEXAS, Appellant**

**V.**

**MILLARD MALL SERVICES, INC., Appellee**

**On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1238830 & 1238831**

## OPINION

The State of Texas brings this appeal from the trial court's order granting appellee Millard Mall Services, Inc.'s motion to suppress. The State charged appellee with two counts of unauthorized discharge of industrial waste. Appellee filed a motion to suppress in both cases. The trial court granted the motions to suppress, prompting this appeal by the State.

This case involves a search and seizure of wastewater samples in the yellow and blue parking garages of the Westin Galleria hotel and the Houston Galleria shopping mall. On November 1, 2006, Sheree Moore (formerly Sheree Penick), who ran a

pressure-washing business, called Sergeant Walsh, a Houston Police Department investigator assigned to investigate environmental crimes, and informed him wastewater was being illegally dumped from a pressure-washing operation being conducted in the yellow garage. Sergeant Walsh arrived and, with Moore, proceeded from the parking garage to the loading dock area. Inside the loading dock area, Sergeant Walsh took photographs of the pressure-washing residue and took four wastewater samples. On November 3, 2006, Moore again called Sergeant Walsh and informed him wastewater was being illegally dumped from a pressure-washing operation being conducted in the blue garage. Sergeant Walsh took photographs of the pressure-washing residue and took two environmental samples.

Subsequently, four parties, Mark Steven Bell, Simon Property Group, Inc., Millard Mall Services, Inc., and Robert Gerardo Sepeda, were charged with unauthorized discharge of industrial waste. Mark Bell is an employee of Simon Management Associates, the management company for the Galleria. Simon Property Group's relationship to the Galleria was not identified, either by the trial court in its findings or by Simon Property Group in its brief. Millard Mall Services is a janitorial and cleaning contractor for the Galleria Premises. Robert Sepeda is a Senior Project Manager for Millard Mall Services.

Mark Bell and Simon Property Group filed a motion to suppress and a hearing was held. The trial court granted the motions to suppress and entered findings of fact and conclusions of law. Counsel for Millard Mall Services and Robert Sepeda was present at the hearing on the motions to suppress but did not participate. Millard Mall Services and Robert Sepeda then filed motions to suppress that relied upon those filed by Mark Bell and Simon Property Group, and asked the trial court to make the same findings on their motions to suppress. No hearing was held on the motions to suppress filed by Millard Mall Services and Robert Sepeda. The trial court granted the motions to suppress and

entered findings of fact and conclusions of law in which the findings made regarding Mark Bell and Simon Property Group were adopted.

The trial court's findings and conclusions reflect the motions to suppress were granted for the following reasons. The searches were made without a warrant and no exception to the warrant requirement under Texas law applied. Sheree Moore, acting as an agent of the State, and Sergeant Walsh committed the offense of criminal trespass. *See* Tex. Pen. Code § 30.05 (West 2011). Accordingly, the seized evidence was inadmissible under the exclusionary rule. *See* Tex. Code Crim. Proc. art. 38.23 (West 2005). The search was unreasonable under the United States Constitution. *See* U.S. Const. amend. IV. There was no valid consent to search. Finally, the State waived its argument under section 26.014 of the Texas Water Code but, even if it were not waived, the State did not establish the applicability of section 26.014 to justify the warrantless searches. *See* Tex. Water Code § 26.014 (West 2008). The State has appealed the trial court's decision as to all four defendants.

The State's first issue is whether appellee has standing to challenge the search and seizure. The State asserts appellee did not have a legitimate expectation of privacy in the Galleria hotel parking garage. Appellee claims because the State did not raise the issue of standing in the trial court, the issue has been waived.

A defendant bringing a motion to suppress bears the burden of establishing that he had a reasonable expectation of privacy from law enforcement intrusion. *See State v. Mercado,* 972 S.W.2d 75, 78 (Tex. Crim. App. 1998) (per curiam); *see also Wilson,* 692 S.W.2d at 663–64; *Trinh v. State,* 974 S.W.2d 872, 874 (Tex. App. – Houston [14th Dist.] 1998, no pet.); and *Kelley v. State,* 807 S.W.2d 810, 815 (Tex. App. – Houston [14th Dist.] 1991, pet. ref'd). Accordingly, the State may raise the issue of standing for the first time on appeal in a court of appeals. *See State v. Klima*, 934 S.W.2d 109, 111 (Tex. Crim. App. 1996). *See also State v. Consaul*, 982 S.W.2d 889, 903 (Tex. Crim. App. 1998), and *State*

*v. Mercado*, 972 S.W.2d 75, 78 (Tex. Crim. App. 1978). Appellee is correct that in *Kothe v. State*, 152 S.W.3d 54, 60 (Tex. Crim. App. 2004), the court acknowledged that a court of appeals may conclude the State has forfeited its argument by failing to raise it in the trial court. However, *Kothe* also recognized a court of appeals may raise the issue of standing on its own or may analyze that issue as part of the claim presented. *Id.* In *Kothe*, as in this case, the State appealed the trial court's ruling granting the defendant's motion to suppress and on direct appeal raised standing for the first time. *Id.* at 58, 60. The court reiterated that because standing is an element of a claim of unlawful search and seizure, "the State may raise the issue of standing for the first time on appeal, even when the defendant is the prevailing party in the trial court." *Id.* citing *Klima*, 934 S.W.2d at 110-11. Accordingly, we address the State's complaint concerning standing.

Appellee challenged the search of the two parking garages under the United States and Texas Constitutions and article 38.23 of the Texas Code of Criminal Procedure. *See* U.S. Const. amend. IV; Tex. Const. art. I, § 9; and Tex. Code Crim. Proc. art. 38.23 (West 2005). "To assert a challenge to a search and seizure under the United States and Texas Constitutions and article 38.23, a party must first establish standing. *See Villarreal v. State,* 935 S.W.2d 134, 138 (Tex. Crim. App. 1996)." *Pham v. State*, 324 S.W.3d 869, 874 (Tex. App. – Houston [14th Dist.] 2010, pet. ref'd). Standing is a question of law which we review de novo. *Kothe,* 152 S.W.3d at 59; *Turner v. State,* 132 S.W.3d 504, 507 (Tex. App. – Houston [1st Dist.] 2004, pet. ref'd).

To determine if appellee had a legitimate expectation of privacy, we first determine whether appellee demonstrated an actual subjective expectation of privacy. *Pham*, 324 S.W.3d at 874-75. If so, we then decide whether appellee's subjective expectation of privacy was one that society is prepared to regard as objectively reasonable. *Id*.

There is no evidence in the record that appellee had a subjective expectation of privacy in the parking garage. The only finding specific to appellee is that "Defendant is a janitorial and cleaning contractor for the Galleria Premises." Being charged with the

crime does not mean appellee may automatically challenge the legality of the search. *See Franklin v. State*, 913 S.W.2d 234, 240 (Tex. App. – Beaumont 1995, pet. ref'd). Appellee does not claim an expectation of privacy in its brief, nor refer to any evidence of such an expectation in the record. Rather, appellee asserts the trial court's finding that the evidence was obtained in violation of article 38.23 mandates suppression of the evidence in spite of lack of standing.

Appellee asserts the court in *Kothe* found the intervening illegality -- the illegal detention -- "transcended" the defendant's lack of standing. *Kothe,* 152 S.W.3d at 60. The court found the issue of whether the defendant had standing to complain about any search and seizure conducted against his co-defendant was surpassed by defendant's own illegal detention. *Id.* The defendant had standing to challenge the fruits of a search that he alleged occurred after he was illegally detained. *Id*. at 60-61. As the court recognized, any defendant seeking to suppress evidence on the basis of an unlawful search and seizure must first show that he personally had a reasonable expectation of privacy that the government invaded. *Id.* at 59. In other words, the defendant must prove he was the "victim" of the unlawful search and seizure. *Id.* A defendant has no standing to complain about the invasion of another's personal rights. *Id.* Only after a defendant has established his standing to complain may a court consider whether he has suffered a violation of his rights against an unlawful search and seizure. *Id.*

It was the defendant in *Kothe* who was illegally detained. In this case, appellee had no property or possessory interest in the property upon which the criminal trespass[1] occurred. Appellee does not identify what *personal* expectation of privacy it possessed that was violated by the criminal trespass. Absent such a showing, *Kothe* is inapplicable to the case at bar.

---

[1] For purposes of our review of this issue, we assume, without deciding, the trial court did not err in fnding Walsh and Moore committed criminal trespass.

Under the record presented, we conclude that appellee failed to establish any state or federal constitution privacy interest. Therefore, appellee did not meet its burden of establishing all the elements necessary to object to the search and seizure of the evidence under the United States and Texas Constitutions. *See Pham,* 324 S.W.3d at 874. Furthermore, article 38.23(a) does not confer third-party standing to persons accused of crimes, such that they may complain about the receipt of evidence that was obtained by violation of the rights of others, no matter how remote an interest from themselves. *See Miles v. State,* 241 S.W.3d 28, 47 (Tex. Crim. App. 2007). Accordingly, we conclude the trial court erred in granting appellee's motions to suppress and sustain the State's first issue.

We reverse the trial court's order granting appellee's motions to suppress and remand for further proceedings consistent with this opinion.

PER CURIAM

Panel consists of Justices Anderson, Brown, and Christopher.
Publish — TEX. R. APP. P. 47.2(b).