

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00195-CR

Wayne **BEDFORD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR10884
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: November 6, 2019

AFFIRMED

A Bexar County jury found Appellant Wayne Bedford guilty of one count of aggravated robbery. The trial court assessed punishment at twenty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Bedford asserts the trial court erred in denying his motion to suppress because the allegations contained in the affidavit did not establish probable cause. Because Bedford lacked standing to challenge the evidence, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 23, 2013, Bedford entered WB Liquors and stole a bottle of Hennessey liquor. An employee confronted Bedford and asked him if he was going to pay for the item. Bedford said no, pulled up his shirt to show a wooden-grip revolver handgun located in his waistband, and told the employee to "get away from here right now." Bedford then fled the scene in a white Taurus SE, but not before the employee got the vehicle's license plate number.

Using the vehicle registration information, San Antonio police officers identified Bedford as a suspect. They showed Bedford's parole officer images from the store's surveillance video. The parole officer identified Bedford and provided the officers with Bedford's last known address: Bedford's parents' house. The officers saw Bedford's car at the residence.

Officers obtained an arrest warrant for Bedford and a search warrant for the residence. From the search, including items Bedford's sister voluntarily provided to the officers, the officers recovered clothes matching the clothes described by the complaining witness, an empty Hennessey liquor bottle, and a revolver handgun with a wooden grip. Bedford was indicted on one count of first-degree aggravated robbery.

After the case was called for trial, but before the jury was sworn, the trial court heard Bedford's motion to suppress.

## MOTION TO SUPPRESS

### A.    Evidence Presented to the Trial Court

The State called Detective Isidro Diaz with the San Antonio Police Department. Detective Diaz testified to the following facts. He was investigating a robbery at WB Liquors in August of 2013. As part of his investigation, he developed a suspect, Wayne Bedford. He applied for, and received, an arrest warrant for Bedford and a search warrant for the house at Bedford's last known address. Detective Diaz identified the house as belonging to Bedford's parents and located in

Bexar County, Texas. The search warrant identified the following items: a revolver handgun with a wooden grip; a bottle of Hennessy liquor; a gray-striped, short-sleeved shirt; knee-length blue jean shorts; and ankle-high dark shoes. The search warrant and accompanying affidavit were offered for purposes of the motion to suppress hearing without any objection from defense counsel.

Detective Diaz noted that when the search warrant was executed, Bedford was not at the residence, but Bedford's sister, Thelina Brown, was present. Brown, who lived on the same street a few houses away, voluntarily provided the officers with a pair of boots, an empty Hennessy liquor bottle, and a pair of shorts which she retrieved from her home and which were consistent with the items contained in the search warrant.

Detective Diaz testified that the parole officer's identification of Bedford from the liquor store's surveillance video supported probable cause. He conceded his affidavit did not note that the complaining witness was unable to identify Bedford from a lineup.

The trial court denied the motion to suppress. The jury was sworn, the matter was tried, and the jury found Bedford guilty of aggravated robbery. Because of competency issues, Bedford's sentencing was delayed. In 2016, Bedford was sentenced to twenty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

On appeal, Bedford contends the trial court abused its discretion in denying his motion to suppress.

## B. Arguments of the Parties

Bedford contends the allegations contained in the probable cause affidavit were conclusory statements and therefore did not establish probable cause.

The State contends Bedford lacks standing to contest the admission of the items that were located at his sister's house that she voluntarily provided to the officers. The State also contends

Bedford lacks standing to challenge the admission of the items recovered from his parents' house because Bedford failed to show his legitimate expectation of privacy in his parents' house.

Because the question of standing is dispositive, we address it first.

### C.     Standing

A person has standing to assert Fourth Amendment protection upon proof "(1) that he exhibited an actual subjective expectation of privacy in the place invaded . . . , and (2) that 'society is prepared to recognize that expectation of privacy as objectively reasonable.'" *Matthews v. State*, 431 S.W.3d 596, 606 (Tex. Crim. App. 2014) (footnote omitted) (quoting *State v. Betts*, 397 S.W.3d 198, 203 (Tex. Crim. App. 2013)); *accord Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). "The rights secured by the Fourth Amendment and Article I, Section 9 are personal . . . ." *Betts*, 397 S.W.3d at 203; *accord Matthews*, 431 S.W.3d at 606. "As such, an accused must show that the search violated *his*, rather than a third party's, legitimate expectation of privacy." *Matthews*, 431 S.W.3d at 606. An appellant's failure to show he personally had a reasonable expectation of privacy results in an inability to assert a violation of his constitutional rights resulting from that search. *Ex parte Moore*, 395 S.W.3d 152, 158 (Tex. Crim. App. 2013).

The defendant bears the burden to first establish standing before a trial court may consider whether he suffered a substantive Fourth Amendment violation. *See Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004); *State v. Millard Mall Servs., Inc.*, 352 S.W.3d 251, 254 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("A defendant has no standing to complain about the invasion of another's personal rights.").

### D.     Standard of Review

"A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion." *Ex parte Moore*, 395 S.W.3d at 158. "When the trial court fails to make explicit findings of fact, we imply fact findings that support the trial court's ruling so long as the evidence supports these

implied findings." *Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007); *accord Miller v. State*, 335 S.W.3d 847, 854 (Tex. App.—Austin 2011, no pet.). "Although we defer to the trial court's factual findings and view them in the light most favorable to the prevailing party, we review the legal issue of standing de novo." *Kothe*, 152 S.W.3d at 59; *State v. Granville*, 423 S.W.3d 399, 404 (Tex. Crim. App. 2014).

**D.      Analysis**

To determine whether Bedford had standing to challenge the evidence, we first consider whether he met his burden to establish his reasonable expectation of privacy in the places searched. *See Kothe*, 152 S.W.3d at 59; *Millard Mall Servs.*, 352 S.W.3d at 254.  We consider the following list of non-exhaustive factors:

(1)      whether the accused had a property or possessory interest in the place invaded;

(2)      whether he was legitimately in the place invaded;

(3)      whether he had complete dominion or control and the right to exclude others;

(4)      whether, prior to the intrusion, he took normal precautions customarily taken by those seeking privacy;

(5)      whether he put the place to some private use; and

(6)      whether his claim of privacy is consistent with historical notions of privacy.

*Granados v. State*, 85 S.W.3d 217, 223 (Tex. Crim. App. 2002) (citing *Villarreal*, 935 S.W.2d at 138).

Although he had the burden to establish his reasonable expectation of privacy from the State's search, *see Kothe*, 152 S.W.3d at 59, Bedford did not produce any exhibits, call any witnesses, or testify at the hearing on his motion to suppress.  The only witness called to testify was Detective Diaz.  The only questions asked of Detective Diaz pertained to (1) the items seized from Bedford's sister—a pair of boots, an empty Hennessy liquor bottle, and a pair of shorts—and

(2) whether Detective Diaz omitted the fact that the complaining witness failed to identify Bedford in a lineup. No questions were asked regarding Bedford's right of privacy in his parents' residence. No questions were asked pertaining to the handgun or the shirt seized from his parents' residence. On appeal, Bedford does not assert his expectation of privacy at either his parents' or his sister's residences.

For the hearing, the trial court was the sole judge of Detective Diaz's credibility and the weight to be given his testimony. *See Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010); *Villareal*, 935 S.W.2d at 138. Bedford produced no evidence of his reasonable expectation of privacy in the search of his parents' house or the items his sister voluntarily gave to the officers, and considering the totality of the circumstances established by the evidence, the State's evidence did not establish any reasonable expectation of privacy on Bedford's behalf. *See Moore*, 395 S.W.3d at 161; *Villareal*, 935 S.W.2d at 139. Viewed in the light most favorable to the trial court's ruling, the record shows Bedford failed to meet his burden to establish his subjective expectation of privacy that society is prepared to recognize as objectively reasonable under the circumstances. *See Granados*, 85 S.W.3d at 225–26; *Villareal*, 935 S.W.2d at 138–39 (no reasonable expectation of privacy for casual, temporary visitor).

## CONCLUSION

Because Bedford did not establish a reasonable expectation of privacy in either his sister's or his parents' residences, he lacked standing, and he cannot complain of an alleged violation of his rights under the Fourth Amendment of the U.S. Constitution or article I, section 9 of the Texas

constitution. We conclude the trial court did not abuse its discretion in denying Bedford's motion to suppress and overrule Bedford's sole issue on appeal.[1]

Accordingly, the trial court's judgment is affirmed.

Patricia O. Alvarez, Justice

DO NOT PUBLISH

---

[1] During the trial, when Detective Diaz testified regarding the search warrant, the State offered the evidence and Defense counsel affirmatively stated, "No objection." As the Court of Criminal Appeals explained, a defendant must not

> affirmatively indicate that he has "no objection" to the evidence that he challenged in his pretrial motion to suppress when it is later offered at trial, for this Court has long held that such an affirmative statement constitutes a "waiver" of the right to raise on appeal the error that was previously preserved.

*Thomas v. State*, 408 S.W.3d 877, 881–82 (Tex. Crim. App. 2013). Thus, even if Bedford had standing, based on Bedford's failure to object to the admission of the evidence at trial, his affirmative statement not contesting its admission constituted waiver of any right to raise the matter on appeal. *See id.*